CLARK v. DASSO.

## John P. Clark v. William Dasso and others.

*Highway commissioners: Trees: Removal: Trespass.* A highway commissioner who has wantonly sold trees in a highway cannot justify his action, when sued in trespass by the owner, by the statute (*Comp. L. 1871,* § *1317*) authorizing him under certain circumstances to order the removal of trees from the highway.

*Highways: Shade trees: Obstructions.* The policy of our laws favors the planting and preservation of shade trees in the public streets where they do not constitute actual obstructions.

*Trees: Highways: Removal: Adjacent owner.* Trees in the highway are the property of the adjacent owner; and if they encroach upon the highway and must be removed, he has a right, and must be afforded reasonable opportunity, to take them as living trees and transplant them elsewhere.

*Highway commissioner: Removing trees: Justification.* A highway commissioner who acts upon his own judgment in removing trees, instead of instituting a prosecution, must take such risk as there may be of a jury differing with him in opinion in case he is prosecuted; and he should be prepared to justify his action, not upon his belief merely, but upon the actual fact.

*Heard April 13.       Decided April 20.*

Error to Wayne Circuit.

*Jackson & Wisner,* for plaintiff in error.

*Henry M. Cheever,* for defendants in error.

COOLEY, CH. J:

This was an action of trespass brought for the cutting and carrying away of certain shade trees which had been preserved by the plaintiff in a certain avenue fronting his premises in the township of Springwells. The avenue was seventy feet in width. There were sixteen of the trees, two of which stood near the center of the avenue, with a traveled road on each side, and the majority of the others stood within ten feet of the fence bordering the avenue. The defendant Hynes was highway commissioner. He testified that one Barkham, a resident of the town, told him "that the trees ought to be cut down; that they were not the

thing to have in a street; that we were not living in a country where we had to make woods out of a highway, and that they ought to be cut away." Acting on this suggestion, the commissioner proceeded to sell the trees to defendant Dasso, for sixteen dollars, and the latter cut them and appropriated them to his own use.

The street commissioner justifies his action under § *1317* of the *Compiled Laws,* which reads as follows:

"Any person who shall (except as hereinafter provided) willfully injure, deface, tear, or destroy any tree or shrub thus planted along the margin of the highway, or purposely left there for shade or ornament, shall forfeit a sum not less than five nor more than one hundred dollars for each offense, which sum may be recovered in any court of competent jurisdiction: *Provided,* That whenever it shall appear to the board of commissioners for highways in any town in this state, that any shade or ornamental trees or shrubs are an obstruction or an injury to any highway, said trees or shrubs may be cut down and removed by order of the aforesaid board of commissioners of highways."

It seems hardly necessary to say that the commissioner has not acted under this section. He has found some shade trees belonging to the plaintiff standing in the highway, and he has proceeded to sell them. For this he will find no authority whatever in the statute. Being prosecuted for this action which he had no right to take, he falls back upon what he might have done, but which he has not attempted. Selling a tree is a very different thing from ordering its removal. The attempted justification therefore fails entirely.

We might leave this case here, but the danger that similar wrongs may be committed in other cases seems to justify further remark. The policy of our laws, as is clearly indicated by the statute already quoted, favors the planting and preservation of shade trees in the public streets where they do not constitute actual obstructions. Undoubtedly there must be some officer clothed with authority to protect

CLARK v. DASSO.

the highways against the excessive planting or the improper location of trees, and the commissioner of highways is a very suitable officer to be entrusted with this authority in the townships.    But where he is authorized to order the removal of shade trees, it is a great mistake to assume that he may exercise his power in a wanton or reckless manner with impunity.    Certain principles must always govern the action of these officers, if they are to keep within the protection of the law.    In the first place, the policy of the law is to be considered, which would be wholly defeated if one had no better protection for his shade trees than the whim or caprice of successive commissioners, any one of whom might destroy in an hour all that had been accomplished in many years.    Then again, it is to be remembered that the trees are the property of the adjacent owner, who cannot lawfully be deprived of any species of property in the summary mode which was adopted in this case.    If the trees must be removed, he may prefer to take them as living trees and transplant them elsewhere; perhaps in more suitable localities in the street, and he should not be compelled to cut them down where removal is preferred.    The order of removal should therefore be given to him, and he should be allowed a reasonable time to comply with it before the commissioner should act further.

But it should also be borne in mind that a tree in the highway is not, under our law, *per se* a nuisance, and that it only becomes such when it constitutes an actual injury or obstruction.    When the commissioner proceeds to cause a man's shade tree to be removed, he is destroying or injuring the value of private property, and he should be prepared to justify his action, not upon his belief merely, but upon the actual fact.    Every man is entitled to a trial of property rights, and if the commissioner acts upon his own judgment instead of instituting a prosecution, he must take such risk as there may be of a jury differing with him in opinion in case he is prosecuted.    This is a very just and proper rule, and absolutely necessary to the proper protec-

CLARK *v.* DASSO.

tion of private rights in cases where a single wanton or heedless act might cause lasting injury.

The cutting of the trees in this case was entirely regardless of plaintiff's rights. It is not shown that plaintiff could not have been notified, but the trouble was not taken to inform him of what was proposed. The complaint which set the commissioner in motion came from a person who evidently had no sympathy with the purpose of the statute, and who desired the trees cut down because of the very shade for which the statute encourages their planting and preservation. And why trees within ten feet of the margin of a seventy feet avenue should be cut down as obstructions is certainly not explained to our satisfaction on this record. It is possible that reasons may exist which are not here set forth; but as the case is here exhibited, the destruction would seem to have been a very wanton and unjustifiable act.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.