STRETCH *v.* VILLAGE OF CASSOPOLIS.

MUNICIPAL CORPORATIONS — HIGHWAYS — REMOVAL OF SHADE TREES—NOTICE TO ABUTTING OWNER—DAMAGES.

Where a village exercises its right to cut down shade trees standing within the highway, without first giving notice to the abutting owner that the public necessity requires the removal of such trees, so that he may ·have an opportunity himself to transplant or remove them, it will be held liable to the owner in an action of trespass; and the plaintiff in such action need not prove that, had he received such notice, he would have attempted to remove the trees.[1] HOOKER, J., dissenting.

Error to Cass; Coolidge, J.    Submitted June 5, 1900. - Decided November 13, 1900.

Trespass *quare clausum fregit* by Edith Stretch against the village of Cassopolis. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*M. L. Howell*, for appellant.

*Coy W. Hendryx* and *Harsen D. Smith*, for appellee.

[1] As to ownership and control of trees in the highway, see note to *Chase* v. *City of Oshkosh*, (Wis.) 15 L. R. A. 553.

As to trees in streets as nuisances subject to municipal control, see note to *Mayor, etc., of Hagerstown* v. *Witmer*, (Md.) 39 L. R. A. 649, 670.

MONTGOMERY, C. J. The sole question which this record presents is whether a village, acting under the general incorporation act (1 Comp. Laws 1897, chap. 87), may cut down and remove shade trees standing within the highway, and which have been planted and maintained by the abutting owner, who owns to the center of the street, when such removal is without previous notice to the abutting owner to remove the trees.

There is no question but that the abutting owner has the title to shade trees adjoining his premises. Cooley, Torts, 318; *Clark* v. *Dasso*, 34 Mich. 86; *Rogers* v. *Randall*, 29 Mich. 41; *People* v. *Foss*, 80 Mich. 559 (45 N. W. 480, 20 Am. St. Rep. 532). It is equally well settled, and is conceded by the learned counsel for the plaintiff, that the municipality may, when the public necessities appear to it to call for such action, require such shade trees to be removed. The question is whether, as preliminary to their removal by the public authorities, the owner should have notice of the fact that the public necessity requires the removal of the trees, and be given the opportunity to himself transplant them or remove them. The case of *Clark* v. *Dasso, supra,* answers this question in the following language:

"It is to be remembered that the trees are the property of the adjacent owner, who cannot lawfully be deprived of any species of property in the summary mode which was adopted in this case. If the trees must be removed, he may prefer to take them as living trees, and transplant them elsewhere, perhaps in more suitable localities in the street; and he should not be compelled to cut them down where removal is preferred."

We are satisfied that this view applies with as much force in the present case as in *Clark* v. *Dasso*. No other view is consistent with ownership of the trees by the adjacent owner. True, this title is subservient to the public right, but the public right may well be exercised in a manner not to entail entire loss of property upon the owner. It may be true that the language quoted is *dictum*, but

such has been understood to be the law for many years, and we discover nothing in the rule which imposes on the public authorities any great burden.

The case of *Wyant* v. *Telephone Co.* is not inconsistent with this holding. In that case, which may be found in 123 Mich. 51 (81 N. W. 928, 47 L. R. A. 497), notice to the owner would furnish no opportunity to avoid the cutting of limbs. Whatever damage a tree might sustain by such cutting could not be obviated by the owner. Therefore notice to the owner would serve no purpose. In case of the destruction of the tree an entirely different consideration obtains. The owner who has notice of the public requirements is in a position to protect himself in a large part from damages. So clearly is this a valuable right that it has been held that a duty rests on the owner to protect himself from unnecessary damage; as in *Shawnee County Com'rs* v. *Beckwith*, 10 Kan. 603, where in a condemnation case the owner of a hedge sought allowance for the value of it, and it was held that the allowance should be limited to the cost of removing the hedge and its depreciation in value by reason of the transplanting.

It is contended that the plaintiff in this case did not suffer because of the failure to give notice, because she testified that, if she had had notice, the trees would not have been removed. Whether the plaintiff meant by this that she would have taken steps to prevent their removal, or that she herself would not have removed them and allowed the village authorities to do so, is not quite clear, but it does appear that she was not given the opportunity to decide the question. The removal was, therefore, an invasion of her legal rights, and the judgment for the damages sustained is affirmed.

MOORE, LONG, and GRANT, JJ., concurred with MONTGOMERY, C. J.

HOOKER, J. (*dissenting*). I concur in the opinion that the village is liable upon the ground that the agents of the village converted the trees to the use of the village

after they were cut, as was substantially true in *Clark* v. *Dasso*, 34 Mich. 86.

I am of the opinion that not only has the village authority to remove trees when necessity requires it for highway purposes, but that it does not become a trespasser by so doing, so long as it does not do unnecessary damage to the owner either by greater injury to the trees than is necessary, or by preventing their removal to another location by the owner where feasible, which would be doing unnecessary injury. But I think it cannot be properly said that the right of action exists in every case where notice has not been given, whether a notice would be of use or not. If the tree could not, by any possibility, be saved, or if the owner should not care to remove it, or if it were not practicable to do so profitably, there would be no damage, and a rule which subjects a municipality to damages and costs in such a case is, in my opinion, unjust, and at variance with *Wyant* v. *Telephone Co.*, 123 Mich. 51 ( 81 N. W. 928, 47 L. R. A. 497). In that case it was held that the defendant was not liable, although no notice was given nor opportunity afforded for the owner to cut the limbs, because no unnecessary injury was done. The same rule should apply to any other case of tree cutting, where the owner has not been subjected to damage. This question is discussed at length in an opinion by the writer in *Miller* v. *Railway*, *post*, 174 ( 84 N. W. 50), where numerous cases sustaining the authority of municipalities to cut trees summarily are cited. The judgment should be reversed for error in the charge relating to the measure of damages.