125  171
125  170
125  171
s84NW  49

MILLER v. DETROIT, YPSILANTI & ANN ARBOR RAILWAY.[1]

STREET RAILWAYS—REMOVAL OF OBSTRUCTIONS—SHADE TREES—
NOTICE.

*1. A street railway, authorized by the proper township authori-
ties to lay tracks and to erect trolley poles and string wires,
is by implication authorized to remove obstructions, includ-
ing shade trees, without compensation to the owner, when
such removal is necessary for the construction of the railway
as located by the township authorities.

2. The law, however, does not give the right to remove shade
trees without notice to the owner, and an opportunity given
him to remove them. HOOKER, J., dissenting.

Error to Washtenaw; Kinne, J. Submitted June 7,
1900. Decided November 13, 1900.

Trespass *quare clausum fregit* by Fanny B. Miller
against the Detroit, Ypsilanti & Ann Arbor Railway.
From a judgment for plaintiff, defendant brings error.
Affirmed.

Plaintiff recovered a judgment in the court below of
$275 for the destruction of 11 shade trees in front of her
property, dug up and removed by the defendant in the
construction of its railway. Plaintiff's land is situated in
the township of Ypsilanti. The proper township authori-
ties granted a franchise to the defendant's assignors for
the construction of the railway, and fixed its location 20
feet from the center of the highway. This location of the
roadbed evidently made it necessary to remove the trees.

*Cutcheon & Stellwagen* (*John D. MacKay*, of counsel),
for appellant.

*Tracy L. Towner* (*John P. Kirk*, of counsel), for
appellee.

[1] Rehearing denied February 27, 1901.
* Head-notes by GRANT, J.

Grant, J. (*after stating the facts*). The principal and important question in the case is, Has a street railway company the right to remove shade trees within the limits of the public highway, for the construction of its road as established by the township authorities, without compensation for damages? The same principle was involved in *Wyant* v. *Telephone Co.*, 123 Mich. 51 (81 N. W. 928, 47 L. R. A. 497). We there distinctly held that a telephone company had the right to cut out the branches of the trees along the public highway under a franchise similar to that here conveyed. The same necessity may exist for the removal of trees as may exist for the removal of their branches. The principle is the same in either case. It is established beyond controversy that municipal authorities have the entire control over their highways, streets, and sidewalks, and may remove shade trees whenever they are an obstruction to the use of the highway for public travel, without compensation to the owner. *Vanderhurst* v. *Tholcke*, 113 Cal. 147 (45 Pac. 266); *Everett* v. *City of Council Bluffs*, 46 Iowa, 66; *Wilson* v. *Simmons*, 89 Me. 242 (36 Atl. 380).

It is true that these trees were lawfully planted, and that they are the private property of the abutting owner. It is also true that one planting trees in the public highway plants them with the understanding that they can remain there only so long as the space occupied by them is not required for public use. These roads are not an additional servitude, as we have repeatedly held. When, therefore, their construction is duly authorized, it logically follows that the company has the right to remove from the highway any obstruction which interferes with the proper construction and operation of the road. Such power is necessarily implied. *Dodd* v. *Traction Co.*, 57 N. J. Law, 482 (31 Atl. 980); *Southern Bell Telephone Co.* v. *Francis*, 109 Ala. 224 (19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930). When a man dedicates his land for a public highway, or it has been condemned for that purpose and he has been compensated, it is definitely

understood by him that whatever he may lawfully do within the boundaries of that highway is done with the right of the lawful authorities to appropriate the entire width of the highway for purposes of travel, if it shall become necessary. Street railways, in city and country, have come to be regarded as a public necessity, and their construction upon the highways universally sanctioned If the township authorities may remove any obstruction to the public use, there seems to be no sound reason why they may not authorize street-railway companies, telephone companies, and the like to do so, when such companies are lawfully entitled to the use of the streets. It is conceded that the township authorities in this case were authorized to grant the franchise to the defendant, and to determine in what part of the highway its road should be constructed. The township authorities might possibly fix, as a condition to the grant, the payment of damages for the destruction of shade trees. The legislature undoubtedly has the power to provide that abutting owners should be compensated for the damage that must result to them in the destruction of their trees. That, however, is a matter for the determination of the legislature, and not for the courts. The legislature has granted the power to do it without compensation. The township authorities have not provided for it. Courts are therefore powerless.

But there is one fatal defect in the defendant's proceedings. It secured no greater rights by its franchise than the municipality had. The law gives neither the right to remove shade trees without notice to the owner, and an opportunity given to him to remove them as he may see fit. *Clark* v. *Dasso*, 34 Mich. 86. Under that decision plaintiff was entitled to recover for damages, and the judgment must, therefore, be affirmed. See, also, *Stretch* v. *Village of Cassopolis*, *ante*, 167 (84 N. W. 51).

Judgment affirmed.

MONTGOMERY, C. J., MOORE and LONG, JJ., concurred with GRANT, J.

Hooker, J. (*dissenting*).  If it be conceded that the abutting owner has a qualified property in shade trees in the highway adjoining his premises, as he has in the grass, by reason of his ownership of the fee, it is held, like the grass, subject to the right of the public, through its officers, to make such use of the highway as the public interests may require, though the grass or the trees should thereby suffer injury or destruction.

The origin of the idea that the owner is entitled to notice of removal is in the statute, chapter 28 of the Revised Statutes of 1846 (see 1 Comp. Laws 1871, § 1317), which chapter was designed to encourage the planting of shade trees.  The section cited imposed a penalty on the willful injury or destruction of such trees, but provided that the board of highway commissioners might order their removal.  As was said in *Wyant* v. *Telephone Co.*, 123 Mich. 51 (81 N. W. 928, 47 L. R. A. 497), this statute was construed in *Clark* v. *Dasso*, 34 Mich. 86, and it was held to require notice and a reasonable opportunity to the owner to remove the trees.  This statute is no longer in existence.  It was amended in 1875 (Pub. Acts 1875, p. 97; 3 How. Stat. § 1408 *et seq.;* 2 Comp. Laws 1897, § 4163 *et seq.*), and, while the planting of shade trees is still encouraged, the former provision requiring notice before removal was omitted in the subsequent legislation. *Clark* v. *Dasso, supra*, rests upon this statute, and apparently proceeds on the theory that the statute by implication forbade the removal of shade trees by the authorities except in the manner therein prescribed.

In my opinion, it has never been the rule at common law that the authorities must, before using or mending any portion of the public highway, give notice to the abutting owner that his grass or trees were to be injured or destroyed, unless removed, and then wait for such removal for such a period of time as a jury might say afterwards would have been reasonable; *e. g.*, until the grass should grow and ripen, or the leaves fall, and sap descend from the trees.  *Makepeace* v. *Worden*, 1 N. H. 16;

*Winter* v. *Peterson*, 4 Zab. 524 (61 Am. Dec. 678); *Dodd*
v. *Traction Co.*, 57 N. J. Law, 482 (31 Atl. 980); *Ely* v.
*Parsons*, 55 Conn. 83 (10 Atl. 499); *Theobold* v. *Railway
Co.*, 66 Miss. 279 (6 South. 230, 4 L. R. A. 735); *Brain-
ard* v. *Clapp*, 10 Cush. 6 (57 Am. Dec. 74); *Southern
Bell Telephone Co.* v. *Francis*, 109 Ala. 224 (19 South.
1, 31 L. R. A. 193, 55 Am. St. Rep. 930); *Chase* v. *City
of Oshkosh*, 81 Wis. 313 (51 N. W. 560, 15 L. R. A. 553,
29 Am. St. Rep. 898); *Livingston* v. *Wolf*, 136 Pa. St.
519 (20 Atl. 551, 20 Am. St. Rep. 936); *Tate* v. *City of
Greensboro*, 114 N. C. 392 (19 S. E. 767, 24 L. R. A.
671).

In *Clark* v. *Dasso* the commissioner had sold the trees
to another, who cut and removed them. This was held
not within the act, and in this connection plaintiff's prop-
erty rights were discussed. It cannot be supposed that
the distinguished jurist who wrote the opinion intended
to intimate that, previous to the enactment of the statute,
the local authorities could not lawfully remove trees from
the highway, or that it was ever necessary to call out a
jury to determine the necessity and the damage before
they could act. Manifestly, it was right to say that a
commissioner had not the right to appropriate property of
the abutting owner upon no better ground than the state-
ment of the would-be purchaser that it ought to be re-
moved.

If right in the conclusion that the common law did not
require notice before removal, and that the only statutory
requirement of the kind has been repealed, we should not
invade the legislative domain by establishing such a rule.

But this is not all. The claim of the plaintiff rests upon
the proposition that the defendant is a trespasser, and, if
it is, it is so not because it had no right to have the trees
removed, which is indisputable, but because it had them
removed without giving notice, and a reasonable oppor-
tunity to the plaintiff to remove them, notwithstanding
the fact that it has not appropriated them, or deprived her
of them, when cut. The alleged right of recovery is not

left to depend upon the infliction of actual and unnecessary damage, but upon the omission of a technical notice, which it is claimed may alone constitute a trespass, if counsel's theory is correct. If this is so, the rule must extend to the cutting of any tree by the highway commissioner without notice and reasonable delay, no matter how great the exigency, and although it may be a benefit, instead of an injury, to the abutting owner; and if this is so as to a tree, it is also true of the grass or the shrubs that spontaneously grow upon the borders of the highway. I think this position is untenable. We have held in the *Case of Wyant* that the cutting of branches was not actionable unless excessive or unnecessary injury was inflicted, and that should be the rule here. If the cutting of a tree without notice is a trespass, the cutting half of a tree without notice is a trespass. In this case we might perhaps hold that an injury resulting from the cutting of these trees without giving an opportunity to save them was actionable if there was any evidence that the plaintiff had a desire to remove them, or would have done so had the opportunity been given, or that she did not have knowledge of the intention to cut them long before they were cut, or that such cutting involved damage. She never intimated a desire to remove them. There is no testimony tending to show that she could profitably do so, or that any one along the entire line of the road considered the removal of trees by any other method than their destruction feasible or economical. The court left but two questions to the jury: (1) Did the defendant cause the removal of the trees? (2) What was the damage? I am of the opinion that this was error, and the judgment should be reversed.