W. B. BURGÈT, Appellant, v. THE INCORPORATED TOWN OF GREENFIELD, IOWA.

Practice: ABSTRACT: MOTION TO STRIKE    Where a transcript of
1    the certificate of the trial judge showing that proper steps were taken to preserve the evidence is furnished it will be presumed that this was done, and a motion to strike the evidence for failure to set out the certificate will be denied.

Sidewalk: GRADE: DEFAULT OF LOT OWNER.    Where a town, pur-
2    suant to Code, section 779, adopts an ordinance providing for the construction of sidewalks at an established grade, before the lot owner can be held in default for failure to construct the walk pursuant to an order of the council, the town must bring the bed of the walk to grade and point out the grade line.

Same: NOTICE.    Where an ordinance for the construction of side-
3    walks requires that notice shall be served on the lot owner by delivering to him a copy of the resolution ordering construction, failure to give such notice will relieve the owner of the necessity of constructing his walk at grade.

Same: Where the construction of permanent sidewalks, ordered by
4    a town, interferes with the shade trees of a lot owner, the town is held to a strict compliance with the statute and its ordinances in relation thereto.

Same: SECOND WALK: INJUNCTION.    Where the proceedings of a
5    town council in ordering the construction of a sidewalk at grade are irregular, but one has been constructed thereunder by the lot owner, though not in conformity with the defective order, he cannot be required to construct another without a

new order and notice, and he is entitled to an injunction restraining the town from constructing under the void order and notice.

**Construction of Walks:** GRADE: ORDINANCE. Code, section 779, 6 contemplates that permanent walks shall be constructed only at an establshed grade, and an ordinance and resolution which provide that they shall be so constructed unless otherwise agreed upon by the property owners and a committee of the council are void.

*Appeal from Adair District Court.*—HON. J. H. APPLE-GATE, Judge.

SATURDAY, MAY 16, 1903.

ACTION to enjoin the defendant town from removing, disturbing, or in any way interfering with a cement sidewalk constructed along the west side of a certain lot in said town belonging to plaintiff, who is a resident and property owner of the town; and also to restrain the town, or any of its officers, from removing or in any way injuring any of the shade trees planted along the west side of plaintiff's property between the said sidewalk and the curb line of the street. A controversy with reference to an alleged violation of a preliminary injunction issued in this case has already been before this court. See *Coffey v. Gamble*, Judge, 117 Iowa, 545. On final hearing an injunction was denied, and the plaintiff appeals.—*Reversed.*

*Hager & Haddock* and *H. J. Chapman* for appellant.

*Frank B. Wilson* for appellee.

McCLAIN, J.—In a motion submitted with the case appellee asks to have the evidence stricken from the record, because it does not appear from the abstract that

1. PRACTICE: abstract: motion to strike.

such evidence has been preserved, as required by Code, section 3652, in order to secure a trial *de novo* on appeal. But it is not necessary to set out such certificate in the abstract, it be-

ing presumed that the proper steps have been taken. Code section 4118. Appellant has furnished a transcript of the certificate of the trial judge, which shows that the proper steps were taken to preserve the evidence, and the motion of appellee is overruled.

Two other motions of appellee are submitted with the case, but our conclusion on the merits of the controversy renders a ruling on these motions immaterial.

The defendant is an incorporated town, having, according to the last census, a population of 1,300, and it includes within its limits a territory of about two square miles. Plaintiff has owned and occupied the lot in question as a homestead for about twenty-five years, and at or near the beginning of his occupancy either he or his grantor planted a row of trees along the west side of said lot between the sidewalk and the curb line of the street in the portion of the street which, according to the usage in that and many other towns, is appropriated to parking and the planting of trees, and these trees have grown to large dimensions, many of them being over twenty inches in diameter, and from twenty-five to forty feet high. Until the year 1893 no grades had been established in the defendant town, and the streets and sidewalks followed the natural surface of the ground, which throughout the town is comparatively level. In that year a system of grades was established, but no effort was made to bring the streets in the residence portion of the town to grade until the year 1900, when an ordinance was passed providing that whenever the town council shall desire to order the contruction or rebuilding of any sidewalk along any lot they shall do so by passing a resolution to that effect, which resolution shall describe the kind and character of sidewalk to be constructed or rebuilt, the material of which and the manner in which it shall be constructed or rebuilt, its location with reference to the lot line and the street, and the time within which such construction or

rebuilding shall be completed, and shall give notice to the owners of lots where the sidewalk is to be constructed or rebuilt that unless they cause the same to be done within the time fixed by the town, it will, by its officers, proceed to construct or rebuild said sidewalk, and declare a charge and assessment, as provided by law, on the lot, sufficient to cover costs and expenses of construction or rebuilding; and, further, that in all cases where a sidewalk shall have been ordered to be constructed or rebuilt notice thereof shall be given to the owner of the lot by delivering to him a copy of said resolution, which notice shall be given in a reasonable time after the passage of the resolution, having reference to the time within which the sidewalk is to be constructed or rebuilt; and, further, that all sidewalks thereafter constructed or rebuilt shall be placed to the established grade of the street wherein they are constructed or rebuilt, unless it is provided in the resolution therefor that they may be placed on the natural surface of the ground, or unless the assent of the council thereto is first obtained; and, in case they are ordered to be placed on the grade, or the said assent of the council cannot be obtained, it shall be the duty of the town to point out the grade line, and bring the street to said line from the lot line to the curb line. This ordinance also provides that, in case of the failure of abutting property owners to construct or rebuild the sidewalk within the time fixed, the street commissioner, under the direction of the council, shall proceed to construct or rebuild the same, and return to the council an itemized statement of the cost thereof, etc.; or the council may by the resolution ordering the improvement, or afterwards, before the work is commenced by the street commissioner, order the work to be done by contract.

Pursuant to this ordinance, on the 16th day of April 1901, the town council passed a resolution ordering the construction within seventy-five days of permanent side-

walks in front of certain pieces of property described, including plaintiff's property, requiring that such sidewalks should be four feet in width, built of cement, according to plans and specifications on file in the office of the clerk, and laid at the established grade, or (when a written agreement should be presented to the council, signed by the property owners in any block where sidewalks were ordered) at a grade established in conformity to the natural surface of the ground, under the supervision of the committee on sidewalks. It appears that some dissatisfaction was expressed to the town council on the part of various property owners in connection with this order for the construction of permanent sidewalks in view of the fact that to build them at grade would necessitate their construction lower than the natural surface of the ground at places where the street itself was not at grade, and where it was not proposed to bring the street to grade, and plaintiff in particular objected then, and has objected ever since to the construction of a sidewalk on the west side and in front of his lot at the grade line, for the reason that it would result in placing the walk from twelve to twenty inches below the natural surface of the ground, thus forming a ditch for the accumulation of water on the walk during wet weather, and especially because it would result in great injury to, and practical destruction of, the trees already referred to. The objections made by other property owners were sufficiently potent to induce the town council to assent, through its committee on sidewalks, to the construction of cement walks at different grades than those fixed by the ordinance establishing a system of grades for the town, and to accept as temporary sidewalks the walks thus constructed but with reference to the walk constructed by plaintiff at a grade different from that fixed for the street it was resolved that, not having been constructed "at the grade pointed out by the committee on sidewalks, as shown by their report," and not at the established grade, the sidewalk was not accepted, either

as a permanent or temporary sidewalk, and that "notice be served on [plaintiff] to place said sidewalk at the established grade."

It is necessary, however, to a full understanding of the nature of the present controversy, that the particular facts as to plaintiff's sidewalk be noticed.   On the 17th of May, 1901, he was served with notice that the council had ordered a sidewalk constructed, in accordance with the ordinance of the town, on the west side of his lot; said sidewalk to be constructed within sixty days from service of notice, and that in the event of his failure or refusal to construct said walk the work would be done by the town, and the expense assessed on the lot.   It appears from the evidence that plaintiff made objection, as other property owners had done, to the construction of this walk at grade, for the reasons already pointed out; whereupon the chairman of the sidewalk committee visited the premises, and consented that the walk should be constructed at a compromise grade agreed upon between him and the plaintiff, which was higher than the established grade. There is a conflict in the evidence as to whether the grade of the walk as plaintiff proceeded to construct it corresponded throughout with that designated and approved by the chairman of the committee, but there is no controversy as to the fact that plaintiff had the authority of said chairman to construct his walk at a different grade from that established for the street.   On June 12th, when this walk was nearly completed, the marshal and street commissioner of the town, purporting to act by direction of the sidewalk committee, notified plaintiff to cease the construction of the sidewalk at any grade other than that established by the town of Greenfield or that pointed out by the sidewalk committee.   Plaintiff nevertheless completed the walk, and it is this walk which, as already stated, is not accepted by the city, and which, as plaintiff alleges, the officers of the defendant are about to tear out, and substitute with another walk at grade.

There are several difficulties in the way of sustaining
the action of the council of the defendant town in its pro-
posal to tear out the plaintiff's walk and put it down to
the theoretical grade line of the street as established in
1893, with the resulting effect of a walk below the natural
surface of the street, and without any purpose on the part
of the council to bring the street itself to grade, and with
the further effect, also, of practically destroying the trees
which are growing in front of plaintiff's premises. If city
and town councils under the advice of city engineers, feel
it necessary to establish a paper grade, different from that
of the natural surface of the ground, without any intention
to improve the streets with reference to such paper grade,
there ought to be some way to provide good sidewalks
without digging ditches or destroying trees, until the actual
improvement of the street is found necessary. We doubt
very much whether it was within the contemplation of the
Legislature that so-called permanent walks at grade should
be required until the streets are improved and brought
to the established grade. But the view which we take of
this case does not make it necessary for us to finally deter-
mine that question.

In this case the action of the council as originally
taken with reference to a sidewalk in front of plaintiff's
premises contemplated a permanent walk, and we are to
2. SIDEWALKS: determine the validity of the entire proceed-
grade: de- ings under that assumption. A condition
fault of lot
owner. precedent to the construction of a permanent
walk was the bringing of the bed of the same to grade
(Code section 779), and this was to be done by the
town. The council, however, required plaintiff to construct
a permanent walk without providing for bringing the bed
of the walk to grade and without doing so in fact. Neither
did the town point out the grade line. These things it was
required to do, not only by inference from the statute, but
by express provision of its general ordinance above re-

ferred to.   Where a city has undertaken to avail itself of the provisions of the statute, and has fixed in its general ordinance the mode of procedure, it is limited to the mode prescribed in the ordinance.   *Zelie v. Webster City*, 94 Iowa, 393.   It was, therefore, impracticable for the plaintiff, at the time when the cement sidewalk in question was first ordered by the council, to comply with the order, and he is not in default in not having done so.

Moreover, the ordinance requires, as already recited, that where a permanent sidewalk shall have been ordered to be constructed or rebuilt, notice thereof shall be given to the owner of the abutting lot by delivering to him a copy of said resolution, which notice shall be given in a reasonable time after the passage of the resolution; and it appears from the evidence that no such notice was given.   The notice which plaintiff received was not accompanied by any copy of the resolution of the council, and the requirements of the ordinance were, therefore, not complied with.

3. SAME: notice.

In view of the fact that the right of plaintiff to maintain and preserve his row of trees, planted in the portion of the street where it is usual to plant trees, and where the trees furnish no obstruction to travel either on the sidewalk or in the street, is involved in the case, we feel justified in holding the town to a strict compliance with the terms of the statute and its own ordinance.   That trees in the street are not necessarily a nuisance where they do not obstruct travel, and that it is in accordance with public policy to preserve them if practicable, is too well settled by the previous adjudications of this court to require more than a citation of the authorities.   See *Everett v. Council Bluffs*, 46 Iowa, 66; *Bills v. Belknap*, 36 Iowa, 583; *Quinton v. Burton*, 61 Iowa, 471; *Richardson v. Webster City*, 111 Iowa, 427; *Blanden v. Ft. Dodge*, 102 Iowa, 441; *Stretch v. Cassopolis*, 125 Mich. 167 (84 N. W. Rep. 51, 51 L. R. A. 345, 84 Am. St. Rep. 567.)

4. SAME.

As the proceedings of the council with reference to requiring the construction of the walk which was actually constructed were irregular and insufficient, plaintiff cannot be required now to construct another walk at the established grade until there has been a further resolution and a further notice thereunder, as required by the ordinance. It is contended, however, that the resolution and notice are material only as bearing upon plaintiff's liability to pay the assessed cost of the new walk, should one be constructed, and therefore, that plaintiff's only right, by reason of failure to take the proper proceedings, is to resist the payment of any special assessment which shall be made after his trees are destroyed and the walk is constructed by direction of the council. But we do not so understand the law. The interest of the property owner in the grading of the street in front of his premises and in the preservation of the trees growing there, so far as they do not constitute a nuisance, can be interfered with or affected only in the mode pointed out by the Code and the ordinances adopted under its authority. The bringing of the sidewalk to grade and the destruction of the trees would cause damage to plaintiff's property, which could be but inadequately compensated by a money judgment, even if recovery of a judgment for damages were a remedy available to plaintiff, and therefore he is entitled to an injunction to restrain the unauthorized action of the town council.

There are other difficulties, however, in the way of any proceeding by the council under the ordinance and resolution already adopted as we have already indicated the council cannot require cement sidewalks, or other permanent sidewalks, except as they shall be placed at grade; and it appears from the ordinance already referred to that it does not provide for the construction of such walks at grade absolutely, but only on the contingency that it is not provided in the resolution there-

*5. SAME: second walk: injunction.*

for that they may.be placed on the natural surface of the ground, or the assent of the council thereto is not first obtained; and the resolution passed in pursuance of this ordinance did not absolutely require the laying of such walks at the established grade, but provided that they should be so laid unless a written agreement of property owners in the block should be presented to the council, consenting to establishment on the natural surface.   Furthermore, in the resolution declaring plaintiff's sidewalk not to be constructed in accordance with the provisions of the ordinance and resolution, it is recited that the sidewalk is not accepted because it was not constructed at the grade pointed out by the committee on sidewalks, nor at the established grade.   The whole course of procedure suggested by the ordinance and resolution and shown by the evidence to have been pursued with reference to the construction of sidewalks in defendant town was vicious and unlawful.   Instead of establishing a grade such as was desirable and proper for each block, the council established a wholly artificial grade line, and then proceeded to compel the construction of permanent sidewalks, not in accordance with this grade, but in accordance with some grade to be fixed upon by the council or the sidewalk committee, with a penalty that, if the property owner did not comply with such direction, he should be compelled to construct his walk at this artificial grade, without regard to his own convenience or the public welfare.   The statute does not recognize a compromise grade, to be established in each particular case by some committee; and the ordinance and resolution under which the council attempted to require a permanent sidewalk in the first instance, and in pursuance of which they now propose to tear up plaintiff's walk and put another in its place against his protest and by way of penalty for not having constructed the first walk in accordance with the order of the council, which did not con-

6. CONSTRUC-TION of walks: grade ordinance.

template a sidewalk at the established grade except in the event that some compromise grade should not be agreed upon, are not such as the statute authorizes, and therefore are void and ineffectual so far as this proceeding is concerned.

It may not be out of place here to say that the trial judge, in a written finding, expresses his dissatisfaction with the provisions of Code section 779, as he has felt himself compelled to construe them, and with the result as applied to this particular case. But, having determined that the agreement of plaintiff as to the grade of the walk was with the chairman only, of the sidewalk committee, and not with the committee as a whole, he found it necessary, as he indicates, to reach the conclusion that plaintiff was not entitled to relief. For reasons pointed out, we have reached a different conclusion.

The judgment of the lower court is reversed, and the case is remanded for decree in plaintiff's favor in harmony with the views expressed in this opinion.—REVERSED.