## A. L. WATERBURY v. H. S. MORPHEW, Appellant.

**Municipal corporations:** CONSTRUCTION OF SIDEWALKS: REMOVAL OF TREES. Where a city ordinance providing for the construction of a sidewalk makes no order or provision for the removal of trees located in the sidewalk space, a member of the street committee has no power to remove the same; especially where the ordinance also provides for a thirty day notice to the owner to construct the walk as a condition precedent to the city's right to construct the same, which notice was not given. Nor will a subsequent resolution of the council, based upon the ordinance, directing a removal of the trees, confer authority on such committeeman to remove the same in the absence of the required notice to the owner.

**Same.** Although a city has general authority to remove obstructions from its streets and may remove trees if found to be an obstruction to the building of walks, it can not do so arbitrarily but must exercise such power in a lawful manner.

*Appeal from Floyd District Court.*—HON. CLIFFORD P. SMITH, Judge.

WEDNESDAY, MARCH 9, 1910.

SUIT to recover damages for the wrongful destruction

of shade trees. The defendant appeals from a judgment in favor of the plaintiff.—*Affirmed.*

*Ellis & Ellis* and *L. O. Rue,* for appellant.

*P. W. Burr* and *Cliggett, Rule, Keeler & Smith,* for appellee.

SHERWIN, J.—The plaintiff was the owner of property situated on Hawkeye Street, in Nora Springs, Iowa; such street being the main street of the town. His property fronted west, and along the west end thereof there was a plank sidewalk ten feet wide. There were four or five small cottonwood trees in the street in front of his premises, all situated within the plank walk, and about a foot from the outer edge thereof. On the 5th of June, 1907, the city council of the town passed an ordinance providing for a cement walk along this property. Said ordinance contained the following provision: "That the side walks shall be built and constructed within thirty days after notice to build and construct from the street and alley committee of the town of Nora Springs has been served on the owner, his agent or occupying tenant of the property abutting that portion of sidewalks to be constructed, and if not built and constructed as required within thirty days the town may cause such sidewalks to be built and constructed and assess the cost thereof to the abutting property owner." No notice to build the walk was ever served on the plaintiff, his agent, or occupying tenant as provided in said ordinance. Nor was any specific order given for the construction of the walk until early in October of the same year. On the 12th day of July, 1907, however, the council adopted a resolution to the effect that the trees in the walk in question be removed. Of this action the plaintiff had notice, and immediately upon receipt of same took steps to secure a

rescission of the resolution. A special meeting of the council was called for the purpose of reconsidering the resolution, and notice of the meeting and of its purpose was given the defendant, who was a member of the council and of the committee on streets. The meeting was called for July 26th at eight o'clock in the morning, but at about four o'clock of that morning the defendant cut down the trees. Notwithstanding his act, the council convened pursuant to call and rescinded the resolution.

The defendant seeks to justify his destruction of the trees under authority from the town council conferred by the ordinance and resolution in question. It is clear that

1. MUNICIPAL CORPORATIONS: construction of sidewalks: removal of trees.

the ordinance furnished no authority for the act for several reasons: First. Because the ordinance made no order or provision for the removal of the trees. It is true that it might have been implied therefrom that their removal might become necessary when the walk was in fact built, but such implication gave the defendant no warrant for his act. Second. The ordinance provided for a thirty days' notice to the owner of the property, and until this was given no one had any right to remove the trees under warrant of the ordinance. So that in no event can the defendant find justification in the ordinance.

Nor did the resolution of July 12th confer any authority for his act. It was necessarily based on the ordinance, and it was not adopted as provided by section 684 of the Code. It was not preceded by a notice to the plaintiff and a failure on his part to construct the walk. The resolution did not purport to provide for the construction of the walk, nor for the removal of the trees for that purpose. It did not direct or authorize the defendant to remove them, and, except as he assumed such power as a member of the committee on streets, he had no authority to touch the trees. There is no evidence tending to show that they were in fact an obstruction to the

walk then on the ground, or to the rest of the street. While the council might order them removed if they were found to be an obstruction to the improvement of the street, it could not arbitrarily destroy them or order their destruction. *Gallaher v. Jefferson,* 125 Iowa, 324; *Kemp v. Des Moines,* 125 Iowa, 640; *Burget v. Town of Greenfield,* 120 Iowa, 432.

The general authority of a municipality to remove obstructions from its streets is not denied by the plaintiff, but it is contended that such authority must be lawfully exercised, and we do not think the proposition can be or will be seriously controverted.

2. SAME.

That the defendant was not acting with authority we think is beyond question, and that he acted in bad faith we think is fully established by the evidence. He was the owner of a livery barn on one corner of the same block, and the trees in question somewhat obstructed the view of his barn, and, as he said, injured his business. He was very anxious to have the trees removed and evidently determined to cut them down before further action could be taken by the council, for he had shortly before been advised by a brother councilman to let them alone. If he had been acting with valid authority from the council, it may be that his motive would be immaterial, but we need not now determine that question. An act without authority and with a bad motive is never sustained by the courts.

We think the judgment right, and it is *affirmed.*