FALLS v. GRAND RAPIDS, GRAND HAVEN & MUSKEGON RAILWAY CO.

1. STREET RAILWAYS—WYE—DEFINITION.
    A wye, as employed in the grant by a village council of the right to construct new track, meant a track with two legs, one joining the main track from one direction and the other joining the main track from a different direction.

2. SAME—REMOVAL OF TREES—CITIES—RIGHTS IN STREETS.
    Where the common council of the village of Spring Lake authorized defendant railway company by resolution to lay a single track or wye, in a street to connect with existing track "and extend the same in a northerly direction across State street to, in, and upon" a lot adjoining complainant's property, and where, in so doing, because of the overhang of the cars, it became necessary to remove a shade tree in the portion of the street fronting upon complainant, the defendant was authorized to remove the tree, and the lower court rightly entered a decree giving complainant the option of transplanting the tree or cutting it down after thirty days' written notice.[1]

[1] On the right of municipal corporation to cut or trim trees within the limits of highway, see notes in 20 L. R. A. (N. S.) 809, 31 L. R. A. (N. S.) 951.

3. SAME.

> A property owner who plants trees in the street does so
> with the understanding that they can remain there only
> so long as the space used is not required for public pur-
> poses.[1]

Appeal from Ottawa; Cross, J. Submitted October 21, 1915. (Docket No. 31.) Decided December 22, 1915.

Bill by Samuel Falls against the Grand Rapids, Grand Haven & Muskegon Railway Company for an injunction and other relief. From a decree for defendant, complainant appeals. Affirmed.

*Lillie & Lillie,* for complainant.
*Carroll, Kirwin & Hollway,* for defendant.

BROOKE, C. J. The learned circuit judge who heard this case filed the following findings:

"The bill of complaint in this cause was filed by the complainant against the defendant to secure an injunction to restrain the defendant from constructing its tracks in the streets in front of or across the property of the complainant.

"The proofs show that the complainant is the owner of lot 3, block 10, of Bryant's addition to the village of Spring Lake, Ottawa county, upon which lot is situated the dwelling house of the complainant. The defendant company operates an electric street railway along the street in front of the residence of the complainant, and, being desirous of erecting a depot in Spring Lake, purchased the lot adjoining the property of the complainant on the west.

"Upon the application of the company, the common council of Spring Lake passed an ordinance permitting the defendant to construct a wye in the street, and extending to and upon the lot purchased for depot purposes. The construction of this wye in accordance with the plans as shown by Exhibit A will not place the

---

[1]Generally, on ownership and control of trees in highway, see note in 15 L. R. A. 553.

track of the defendant upon the property of the complainant, but will require the removal of a shade tree which is located in the street in front of the lot of the complainant and about 18 inches east of his west line. The proofs show that the only damage which the complainant will suffer will be the annoyance of the operation of the cars and the removal of the shade tree from the street.

"Trees planted in the public highway by the abutting property owner can remain there only so long as the space occupied by them is not required for public use. The company having secured the permission from the common council to construct this wye, it necessarily follows that the company has the right to remove from the highway any obstruction which interferes with the proper construction and operation of the road. However, the tree is the property of the complainant, and he has the right to transplant it, or to cut it down, as he may decide, after proper notice has been served upon him to the effect that it is necessary that the tree be removed. No notice has been served upon him to remove the tree, and the temporary injunction heretofore issued will be continued until the defendant has given the complainant 30 days' written notice to remove the tree, at the expiration of which time, and upon filing due proof of the service thereof, the temporary injunction will be dissolved and the bill of complaint dismissed, without prejudice.

"Before the bill of complaint was filed the defendant by its officers informed the complainant that the track would cross the curb and the corner of his lot, but afterwards a survey was made, as shown by Exhibit A, and it was thereby ascertained that the track would not cross the property of the complainant. However, as the facts appeared to the complainant, he was justified in filing his bill of complaint, and he will therefore recover costs.

"A decree may be prepared for signature in accordance with these findings."

These findings were based primarily upon the fact that the common council of the village of Spring Lake passed a certain ordinance, the material parts of which follow:

"Section 1. The common council of the village of Spring Lake ordain that section 1 of said ordinance as aforesaid be and the same is hereby amended by adding thereto the following: Permission and authority is hereby given and granted to the said Grand Rapids, Grand Haven & Muskegon Railway Company to lay a single track or wye, as the said railway company may elect, in State street, a public street in said village, to connect with the track now laid in said street, and extend the same in a northerly direction across State street to, along and upon lot 2, block 10 of Bryant's addition to the village of Spring Lake, so that section 1 as amended shall read as follows:

"Section 1. * * * Permission and authority is hereby given to the grantee, to the said Grand Rapids, Grand Haven & Muskegon Railway Company, to lay a single track or wye, as the said railway may elect, in said State street, a public street in said village, to connect with the track now laid in said street and extend the same in a northerly direction across State street to, in and upon lot No. 2, block No. 10 of Bryant's addition to the village of Spring Lake.

"Approved and passed December 16, 1912."

The decree entered in the court below follows:

"This cause having come on to be heard upon the bill of complaint herein and the answer of the defendant thereto and the replication of the complainant to such answer and upon proofs duly taken in open court, the court, having heard the arguments of counsel for the respective parties, and being fully advised in the premises, does find that the complainant is the owner of lot 3, block 10 of Bryant's addition to the village of Spring Lake, Ottawa county, Mich., upon which lot is situated his dwelling house; that the defendant company operates an electric street railway along the street in front of the residence of the complainant, and, being desirous of erecting a depot in the village of Spring Lake, purchased the lot adjoining the property of the complainant on the west.

"The court does further find that upon application of the defendant company to the common council of the village of Spring Lake, said common council passed an ordinance, permitting the defendant to construct a wye

in the street extending to and upon the lot purchased by defendant as aforesaid, for depot purposes; that the construction of said wye in accordance with the plans as shown by Exhibit A on file herein will not place the track of the defendant upon the property of the complainant, but will require the removal of the shade tree which is located in the street in front of complainant's lot, and about 18 inches east of the west line of said lot.

"The court does further find that the only damage which complainant will suffer will be the annoyance of the operation of the cars and the removal of the said shade tree from the street, but that trees planted in the public highway by the abutting property owners can remain there only so long as the space occupied by them is not required for public use, and that, the defendant company having secured permission from the common council to construct its wye, it necessarily follows that defendant has the right to remove from the highway any obstructions which interfere with the proper construction and operation of its railway.

"The court does further find that said tree is the property of the complainant, and that he has the right to transplant it or cut it down as he may decide, after proper notice has been served upon him of the fact that it is necessary that the tree be removed, but that thus far no notice has been served upon him to remove said tree.

"It is therefore ordered, adjudged, and decreed by the court that the temporary injunction heretofore issued herein be continued in force and effect until the defendant has given the complainant 30 days' written notice to remove said tree; that at the expiration of said 30 days, and upon filing due proof of the service of said notice in this cause, the temporary injunction will be dissolved and the bill of complaint be dismissed without prejudice.

"It is further ordered, adjudged, and decreed by the court that, as complainant was informed by the officers of the defendant before the bill of complaint was filed herein that the track would cross the curb and the corner of his lot, but afterwards a survey was made, as shown by Exhibit A, and it was thereby as-

certained that the track would not cross the property of the complainant, complainant will recover his costs in this cause to be taxed; as the facts appeared to him, he was justified in filing his bill of complaint."

Complainant's position is sufficiently indicated by a short excerpt from the brief of his counsel. After citing the ordinance, he there says:

"This gave the defendant a right to extend a track across State street to lot 2. It gave the defendant a right to lay that track along lot 2. It gave the defendant a right to lay that track upon lot 2. The defendant could not lay that track anywheres in State street except to lay it along lot 2 and upon lot 2. To lay it along lot 2 it had to start from the west and go east in a northerly direction along and in front of lot 2. This is where it did go. This is where they laid it.

"This is all the authority that the common council gave the defendant. It nowhere gave them authority to start from the east and lay a single track or wye 'across State street to, along and upon lot 2.' It could not start from the east and go along lot 2. If it started from the east, it would have to go 'along' lot 3 and then upon lot 2. The common council gave no such authority.

"We presume that some argument will be made upon the fact that when section 1 was amended as authorized by that resolution, it read:

" 'The right to lay a single track or wye as the said railway company may elect, in State street, a public street in said village, to connect with the track now laid in said street, and extend the same in a northerly direction across State street to, and upon lot 2, block 10, Bryant's addition to the village of Spring Lake.'

"But the common council, when it authorized section 1 to be so amended, did, without doubt, make a mistake in leaving out the word 'along' in the expression, 'to, along and upon lot 2, block 10, Bryant's addition to the village of Spring Lake.' The only authority there was to amend section 1 was to give the defendant a right 'across State street, to, along and upon lot 2, block 10, Bryant's addition to the village of Spring

Lake.' The amendment of the franchise cannot be any greater in effect or force than the resolution which authorized its amendment.

"The testimony shows that it was understood that only the west leg of that wye should be put in, and that was to be put in along and upon lot 2. In our judgment the most that can be claimed for the resolution and the amended section of the franchise is that both are but a part of a single and entire scheme. The scheme was to allow the Interurban to lay it along and upon lot 2 as expressly provided in the resolution authorizing the amendment of section 1. It is true that section 1 was amended at that time, and probably, as said before, by a clerical error the word 'along' was left out."

We are of opinion that complainant's position is untenable. A "wye" is a term which necessarily means a track with two legs, one joining the main track from one direction, and the other joining the main track from another direction. The authority granted by the ordinance was "to lay a single track or wye," thus clearly indicating that the council distinguished one from the other, and empowered the company to select either method of construction it might desire.

The record clearly discloses that in constructing the wye as proposed by defendant company, no portion of the track to be laid encroaches upon the lot of the complainant, or upon that portion of the street lying between the front of his lot and the curb line. At its nearest point the track would be about 18 inches distant from the end of the curb in front of complainant's lot. As cars pass round the proposed track, however, the overhang of the cars would bring them in contact with the shade tree, which complainant has placed in the street in front of his lot near the curb. To permit construction in the manner proposed, it will necessitate the removal of this tree. Defendant offered to transplant said tree, or plant another of a like character where complainant desired, or to purchase from

complainant 10 feet off the west side of his lot. All of these propositions were declined by complainant, and he insisted and insists that he has an absolute right to prevent the construction of the wye in the manner proposed. We think his position is entirely untenable. It has been held in this court that, where an abutting property owner plants trees in the street he does so with the understanding that they can remain there only so long as the space used is not required for public use. *Miller* v. *Railway,* 125 Mich. 171 (84 N. W. 49, 51 L. R. A. 955, 84 Am. St. Rep. 569), and cases there cited.

In *Mannel* v. *Railway,* 139 Mich. 106 (102 N. W. 633), it was said:

"This court has held repeatedly that the use of the streets of a city for street railway purposes was not an additional servitude, and that the grant of a right to construct and operate a street railway, with all necessary poles, wires, side tracks, etc., along the public streets, was within the powers of the municipality granted by the legislature, and that the location and construction of the road and changes relative thereto within the limits of a city were subject to the control and approval of the municipal authority, provided that the railroad so constructed and operated would not be a public nuisance, or for any special reason require the interference of a court. *Detroit City Ry.* v. *Mills,* 85 Mich. 634 (48 N. W. 1007) ; *People* v. *Railway Co.,* 92 Mich. 522 (52 N. W. 1010) 16 L. R. A. 752."

The decree of the court below is affirmed, with costs.

PERSON, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.