MAY KAYNOR, Appellant, v. DISTRICT COURT OF BLACK HAWK COUNTY et al., Appellees.

**MUNICIPAL CORPORATIONS:** Sidewalks—Fraudulently Depriving Owner of Right to Construct—Effect on Assessment. Fraudulently depriving a property owner of his right, under an ordinance, to construct permanent sidewalks along his property, and thereby avoid a special assessment against his property by reason of the city's doing the work itself, deprives the city of all right to make any assessment of any kind against said property for said improvement. (Referable to Sec. 779, Code Supp., 1913.)

PRINCIPLE APPLIED: An ordinance, referable to Sec. 779, Code Supp., 1913, gave the city the right to construct a permanent sidewalk *in front of* property and to assess the cost thereof against the property, only in case the owner neglected to construct the sidewalk within 30 days after the work was ordered. Said Sec. 779 prohibited the laying of such walks until the bed of the same was brought to grade. A permanent sidewalk was ordered along a corner lot, and the owner had notice thereof. It was 10 feet from lot line to curb line, and about 4 feet from outer line of sidewalk to curb line. If the walk was constructed no farther than "in front of" the lot (as the statute authorized for assessment purposes), a vacant space of several feet would remain between the end of the walk and the curb line. The city had no lawful right to compel the owner to build this additional strip (though it had a void ordinance to that effect); but when the owner called for

the permanent grades, they were refused him unless . he would agree to build said additional strip. The owner refused, and did not get the grades and did not build the walk. The city did. *Held,* the city's action was fraudulent, and wholly deprived the city of power to make any assessment against the property.

*Appeal from Black Hawk District Court.*—C. W. MULLAN, Judge.

THURSDAY, JUNE 29, 1916.

REHEARING DENIED MONDAY, DECEMBER 18, 1916.

PROCEEDINGS in contempt, in which the city council were called upon to show reason why they should not be punished for contempt as for a violation of an injunctional order entered against the city, restraining the council from making an assessment against plaintiff's lots. Opinion states the facts. Judgment for defendants in the court below, discharging defendants from the charge of contempt. Plaintiff appeals.—*Reversed.*

*H. C. Hemenway, W. T. Frame* and *Mears & Lovejoy,* for appellant.

*J. B. Newman,* for appellees.

GAYNOR, J.—The plaintiff is the owner of Lot 4 in Block 14 of the original plat of the town of Cedar Falls, situated at the corner of Clay and Fifth Streets in said city. On the

MUNICIPAL COR-
PORATIONS: side-
walks: fraudu-
lently depriv-
ing owner of
right to con-
struct: effect
on assessment.

11th day of May, 1909, the city council, by resolution, ordered a permanent sidewalk five feet wide to be made on said Fifth Street along in front of said Lot 4, the same to be constructed of cement. The resolution further ordered that, unless built within 30 days by the owner of the lot, the city would cause the same to be constructed, and assess the expenses against the lot. Plaintiff, the owner, was duly notified of this resolution, and, upon receiving such

notice, requested that the proper grade be established. The mayor of defendant city responded, ''Will give you grade any time your contractor is ready for permanent walk, Lot 4, Block 14.'' Plaintiff did not build the walk within the 30 days. On June 19th following, the city council advertised for bids for the construction of several squares of permanent cement walk, including the walk in front of plaintiff's property. The contract to build these walks, including this walk in question, was let, and the contractor proceeded to build it according to the plans and specifications, and did build it. The city council was about to assess the cost of building this sidewalk in front of plaintiff's lot, when the plaintiff brought an action to enjoin it from so doing. The city joined issue with the plaintiff, and a hearing was had, and a decree entered, dismissing plaintiff's petition. From this, plaintiff appealed to this court; and in this court the issues were determined in favor of the plaintiff, and the cause reversed. 156 Iowa 161. A procedendo issued, and thereafter, in the court from which the appeal was taken, the following decree was entered, on the 11th day of April, 1913:

''And now on this 11th day of April, 1913, this cause being called for hearing upon the order procedendo of the Supreme Court of Iowa, the pleadings and the supplemental petition of the plaintiff, the several parties appearing by their attorneys and consenting thereto, it is ordered, adjudged and decreed that all the proceedings for the establishing and enforcing the payment of an assessment against the property of the plaintiff, as shown and set out in the record herein, are void and of no legal force or effect, to charge the plaintiff or her said property with any liability whatsoever, and the same are hereby set aside and the defendants are hereby enjoined and restrained from all further prosecution of such proceedings.

''And it is further ordered and decreed that the defend-

ant, the city of Cedar Falls, its officers and agents, proceed within 10 days after the entering of this judgment to remove .the ·cloud upon the title to the plaintiff's said premises, by causing the redemption from the treasurer's sale of plaintiff's premises for the enforcement of said illegal assessment.

"It is further ordered that the plaintiff have judgment against the defendants for the costs herein accruing in this court, and the costs of the same in said Supreme Court, as shown by the statement of the clerk of said Supreme Court filed herein."

This decree stands as the decree of the district court in · the premises. Thereafter, the city council, ignoring, as the plaintiff says, the provisions of said decree and the decision of the Supreme Court in the premises, proceeded to reassess Lot 4 in Block 14 for the cost and expenses of constructing the permanent walk in front of plaintiff's property, and reassessed the cost thereof to the lot in question, and by publication notified all persons interested to file any objection against the reassessment which they might have. Thereupon, plaintiff brought this action, and prayed that the officers of the city council appear and show cause why they should not be fined for contempt in violating the injunction and order of this court. This proceeding was heard, and the defendants discharged, and from this, an appeal is taken to this court, and this is the matter which we now have before us.

The only question presented involves the proper construction of the decision heretofore rendered by this court, and this involves the right of the defendants to reassess the cost of the improvement against the property. The decision of this case requires us to go somewhat back into the record in this case.

Section 779 of the Code of 1897 authorizes and grants to cities the power to provide for the construction of permanent sidewalks upon streets within its limits. An ordinance is essential to the right of a city to exercise the power granted in said statute, and to build permanent sidewalks.

See *Gallaher v. City of Jefferson,* 125 Iowa ·324. In pursuance of this power granted, the city did enact an ordinance known as Ordinance 31. This ordinance did not authorize the city to construct the walk, unless the owner refused, failed, or neglected to do so within 30 days after the passing of the resolution directing the construction. Section 9 of the ordinance provides that, if the owner or owners of any lot or lots, or part of any lot abutting on said contemplated improvement, shall refuse, fail, or neglect to have any sidewalk done by the time limited by the order of the city council, it shall be the duty of the street committee to procure the same to be done at the expense of the owner; and it was held in the former decision of this court that the right of the city to construct the walk and to tax the same to the abutting lot owner, depended upon a refusal or failure or neglect on her part to do this. This evidently contemplated a right, on the part of the owner of the lot, to construct the walk herself, if she so elected, provided she construct it in accordance with the resolution of the city, and in the manner required by the city in its resolution. This ordinance was a valid ordinance, and within the power of the city to adopt. While it is true that the statute gives the power to a city to construct permanent sidewalks, yet, when the city undertakes, by ordinance, to exercise the power granted, and passes an ordinance providing for the exercise of the power and the manner of its exercise, the ordinance controls, and limits its right and its action. As said in *Bowman v. City of Waverly,* 155 Iowa 745:

"Where a city has undertaken to avail itself of the provisions of the statute, and has fixed in its general ordinance the mode of procedure, it is limited to the mode prescribed in the ordinance."

It follows, therefore, that, if the city council had made it impractical or impossible for the plaintiff to comply with the order, and construct the sidewalk herself, she cannot be held in default, or to have neglected or refused to comply

with the resolution. The right of the city to construct the walk and assess the cost of construction to the plaintiff, or her property abutting thereon, depended upon the statute, the ordinance through which it exercised the power granted by the statute, and the resolution finding necessity for such improvement, and ordering the improvement made. The ordinance limits and controls the rights of the city in the exercise of granted power. This ordinance provides that the city may construct the walk and assess the cost of construction to the abutting lot owner, if the owner fails, neglects, or refuses to construct it himself within the time provided in the resolution. Therefore, when this permanent sidewalk was ordered put in, it was her right to put it in. The city, under the statute which authorizes the exercise of the power by ordinance to put in permanent sidewalks, provides that the construction of permanent sidewalks shall not be made until the bed of the same shall have been graded, so that, when completed, such sidewalk will be at the established grade. Upon receiving notice to put in the walk, she requested the mayor of the city to give her the grade. He replied, "Will give you the grade any time your contractor is ready for permanent walk." This request and reply were within the 30 days within which she was required to construct the walk. No grade was ever given her, so far as the record discloses. In the construction of a sidewalk in front of a corner lot, similarly situated to the plaintiff's lot, the city required that the owner should build the crosswalk from the corner of his lot to the curb line; and, in order to compel the owners of like property to build a walk in front of their property, the city council had passed a resolution and enforced the same, forbidding the engineer employed by the city, whose duty it is to define and lay out the grades, to establish and point out grades, unless such owner "shall agree to construct and pay for the crosswalk," as above described.

The pertinency of the mayor's answer, "Will give you

grade any time your contractor is ready for permanent walk,''
is apparent.    It had directed its city engineer not to give
grades, or not to establish and point out grades, ''unless
the owner shall agree to construct and pay for the cross-
walks.''    It was agreed that the curb line, as established by
the ordinance of the city on this Fifth Street, is 10 feet from
the lot line and 3 feet 8 inches from the outer line of the
sidewalk as ordered to be constructed.    This court held that
the ordinance requiring the owner of any lot or lots to build
any portion of a crosswalk was not within the power granted
to the city; that the ordinance that sought to enforce such
duty against the owner was void.    It was held, therefore,
that, in so far as the city sought to assess against this lot
the costs of constructing any part of the crosswalk, the assess-
ment was absolutely void.    But the court held more than
this.    It held that the defendant was actuated by fraud, and
did, in fact, perpetrate a fraud upon the plaintiff from the
inception of its' proceedings, in this, that it passed a resolu-
tion in conformity with the ordinance under which it acted,
requiring the sidewalk to be put in in front of this lot in
question, and then, speaking through its ordinance and reso-
lution, said to the owner:

''You must construct this sidewalk to the curb line and
within 30 days, or you will be considered in default and we
will construct it and charge the cost to you, or assess it
against your lot; but you, however, are not authorized or
permitted to construct such a walk as we have ordered you
to construct, unless you construct it at grade, and the city
engineer will not give you the grade unless you agree to
build the crosswalk from the corner of your lot to the curb
line.''

To this end, the city forbade the engineer employed by
the city to establish or point out grades unless such owner
agreed to construct and pay for the crosswalks as above de-
scribed.    No grade was given plaintiff.    On this point, this
court said in the former opinion:

"It is not merely a case of a void ordinance, but of an attempt on the part of the city officers to compel obedience thereto (that is, to the performance of a void ordinance), and to extort the payment of money, without the semblance of authority for so doing."

The fraud perpetrated upon the plaintiff consisted in this, that the city required the plaintiff to do that which, under the law, she was not required to do, then sought to force her to do it; instructed the engineer to pursue a course which would force her to do it. If she omitted to do it, or failed to agree to do it or to bind herself to do it, she would be considered in default; and, being in default, the city would then proceed to construct the entire walk at her expense, and assess the cost to her. The right of the city to construct the walk, under Ordinance 31, could arise only when she failed and neglected and refused to do so within 30 days after the passing of the resolution. If the city, then, by resolution or ordinance, or by its conduct, prevented her from doing this, she cannot be said to be in default, and, not being in default, she cannot be held liable for the walk constructed by the defendant city. This resolution and the notice to the plaintiff to construct this walk involved the very conditions which were held void in the former opinion of this court, though not specially written therein. As bearing upon this question, see *Waterbury v. Morphew*, 146 Iowa 313; *Bowman v. City of Waverly*, 155 Iowa 745. As said in the *Bowman* case, supra:

"An ordinance of the city required permanent sidewalks to be constructed at grade, and, as the street along Lot 1 had not been brought to grade, and the time within which plaintiff might have constructed the walk had elapsed, the proceedings of the city, if upheld, would have the effect of denying the plaintiff the opportunity of constructing the walk himself, a privilege expressly conferred upon him. . . . Whether the city might have put in the walk without allowing the owner the privilege of doing so can make no difference.

. . . It is enough that this was accorded him under an ordinance conferring authority on the city to build at the lot owner's cost, only in the event of his failure to do so within the time specified, and, inasmuch as he could not so perform, owing to default of the city in not bringing the street to grade, the latter cannot insist on constructing the walk."

In the case at bar, the city could not insist upon constructing the walk and charging the cost of construction to the plaintiff, because it had fraudulently exacted of plaintiff, in the construction of the walk within the time limit, that which it was not the duty of the plaintiff to observe, and conditions were imposed which the city had no authority to impose under the law. Plaintiff was fraudulently denied the right to build the walk herself. She cannot be said to be in default for a failure to build. The city had no right, under such circumstances, to build and assess the cost to her. It had a right to build, but not at her expense. It is not a question of a right to reassess. The record discloses no right to assess at all. The case is therefore—*Reversed*.

EVANS, C. J., LADD and SALINGER, JJ., concur.