Bills v. Belknap.

BILLS v. BELKNAP.

1. **Highway:** RIGHTS OF LAND OWNER. A road supervisor will be restrained at the instance of a land owner from removing trees standing in the highway adjacent to and in front of such owner's premises, unless such removal is demanded by the wants of public travel and convenience.

2. —— DETERMINATION OF SUPERVISOR. The determination of the road supervisor in such case does not so far partake of a judicial character as that it cannot be reviewed and controlled.

*Appeal from Jones District Court.*

FRIDAY, JUNE 13.

ACTION in chancery to restrain defendant, who is a supervisor of highways, from cutting down and removing certain trees growing in a road upon which plaintiff's farm and dwelling are situated. The cause was sent to a referee, upon whose report of the evidence and findings of facts and law a decree was rendered, dismissing plaintiff's petition. He now appeals to this court. The facts of the case are found in the opinion.

*G. W. Field* for the appellant.

*Scott & Ercanbrock* for the appellee.

BECK, Ch. J. — The facts of this case are as follows: The defendant's farm is bounded on the north-east by a highway 66 feet in width, one-half of which is upon his land. This road is the principal thoroughfare of the county, and plaintiff's premises are within one mile of Anamosa, the county seat. Plaintiff's house and buildings are less than 100 feet from the road, and are on the summit of a hill of about 50 feet in height, the angle of ascent, in one direction, being about 20 degrees, and in the other, about 15. Along the highway and within its limits, immediately in front of plaintiff's house and buildings, are five oak and hickory trees, thrifty and of good form. They are from four to ten inches in diameter, and are the remnants of the forest which covered the land. They are situated at various distances from the south line of the highway — plaintiff's land and buildings being on that side — some more than nine and one-half feet, and the one nearest to the line being two and one-half feet therefrom. The defendant was about to remove the trees, for the purpose of improving the road; thereupon, plaintiff instituted this action to restrain him from so doing.

I. It is our opinion, based upon the evidence before us, that the trees in question do not obstruct the highway, and that their removal is not necessary to improve it in such a manner as the best interest of the public demands. The roadway is 66 feet wide. The evidence satisfies us, that if it be necessary to make excavations, in order to improve the highway, or to construct ditches, in order to carry off the water, it may be done without interfering with the trees, or in any manner putting the public to inconvenience. We are reminded of the fact, that many of the principal thoroughfares of our larger towns and of our cities are no wider than this road, yet, on each side are pavements for foot-men, and gutters for bearing away the water. The residents, too, take great pride in planting trees upon the outer line of the sidewalk, which are esteemed highly ornamental and of great utility. In such cases the public travel by wagons and other vehicles has a roadway of no greater breadth than 40 feet, yet the population of such cities and of the adjacent country, greater than that of the whole of the county in which the parties live, use such thoroughfares, and find no inconvenience because they are not wide enough, or because of the trees which the good taste of the people, as well as their comfort, induce them to plant and carefully preserve.

We do not say, that if the public convenience demanded the removal of the trees, that they should be or could be retained for plaintiff's comfort, or to gratify his taste. But we do not find such a state of facts. Plaintiff surrendered the use of his land which is occupied by the highway, for the public; but the public may not use it in a manner and to an extent not demanded by its convenience and wants, and to plaintiff's injury. The fee of the land is in plaintiff, and the trees are a part of the realty. If the removal of these trees is not required for the free and proper use of the highway, no principle of law will permit it to be done against the will and interest of the land owner. In our opinion, the evidence clearly establishes that the public suffer no inconvenience from

the trees, and that the wants of public travel do not demand their removal.

The State has adopted a policy encouraging the growth of trees and discouraging their wanton destruction. There are legislative enactments sanctioning and encouraging their growth along the highways. Rev., § 901; Acts 12th Gen. Ass., chap. 92; Acts 14th Gen. Ass., chap. 3. The tastes and comfort of the people demand that this policy should be enforced, and we confess that we have no sympathy with that spirit of vandalism which would unnecessarily remove the ornaments of the country, whether they were erected by the hand of industry or are the bounteous productions of nature.

II. Counsel insist that defendant, in determining where and in what manner the road should be improved, acted judicially, and his decision is therefore final and cannot be assailed in this action. The position cannot be admitted. The determination of the supervisor that the road requires repairs may be said to partake of a judicial character, but his determination as to the manner of performing the work cannot be so regarded. *McCord* v. *High*, 24 Iowa, 336. He may certainly be so controlled in his acts, as an officer, that the property of the citizen may not be taken or destroyed when the public interest does not demand it, and he may be restrained from inflicting injury, wantonly or unnecessarily, to any one, when attempted under color of his office.

A decree will be entered here, or in the court below, at the option of plaintiff, restraining defendant and his successors in office from the destruction of the trees in question, or from interfering with them in any manner, as prayed for in plaintiff's petition.

Reversed.