EVERETT v. THE CITY OF COUNCIL BLUFFS.

1. **Nuisance**: WHAT CONSTITUTES: MUNICIPAL CORPORATIONS. A city council has no power to declare a thing a nuisance which is not such at common law, or has not been declared to be such by statute.

2. ———: ———: SHADE TREES. Trees growing in a street or highway do not constitute a nuisance unless they make an obstruction to travel.

*Appeal from Pottawattamie District Court.*

TUESDAY, JUNE 5.

THE petition states that plaintiff is the owner of certain real estate in Council Bluffs, on which she has erected a valuable block of buildings, to be occupied as store rooms and offices. That just within the curbing of the sidewalk of the street, on which said real estate abuts, stand two large, thrifty shade trees, which were planted in 1856, and have there remained without objection since said time. The sidewalk is fully thirteen feet wide. That said trees are perfectly safe and sound, and offer no obstruction to the free use of the street and sidewalk. That said trees are pleasant to the eye and afford a grateful shade to the public, and especially so to the plaintiff and the occupants of said building. They also afford a great protection against fire to the plaintiff's building and those contiguous thereto, and would greatly tend to prevent the spread of a conflagration. That the common council of said city, on the 15th day of December, 1876, passed the following: "*Resolved by the common council*, That all wooden posts and trees standing on the street, sidewalks or gutters on Broadway, between Madison and Center streets, be and the same are hereby declared nuisances, and the marshal is hereby instructed to abate the same." That the marshal of said city, in pursuance to said resolution, is about to cut down said trees, which are not in fact a nuisance and have never been so adjudged in any legal proceeding. An injunction was asked. No answer or pleading of any kind was filed by defendant. A

restraining order, temporary in its nature, was granted and afterward an injunction was refused, and it was ordered that unless an appeal to this court was perfected within ten days said restraining order should be vacated. The plaintiff appeals.

*Leonard Everett* and *B. W. Hight*, for appellant.

*G. A. Holmes*, for appellee.

SEEVERS, J.—The defendant is incorporated under a special charter, which provides that the city council has power " to

1. NUISANCE: what consti- tutes: munic- ipal corpora- tions.

declare what shall be a nuisance, and to prevent, remove or abate the same." This general grant of power, however, will not authorize the council to declare anything a nuisance which is not such at common law, or has been declared such by statute. Wood on Nuisances, Sec. 772. In *Yates v. Milwaukee*, 10 Wall., 497, MILLER, J., says: " But the mere declaration by the city council that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character." In effect it was held in *Bills v. Belknap*, 36 Iowa, 583, that trees standing in a highway did not constitute a nuisance unless they amounted to a substantial obstruction of the highway. Substantially, this was also held in *Patterson v. Vail*, 43 Iowa, 412.

Under the allegations of the petition, which in the absence of any denial must be taken as true, these trees do not constitute a nuisance, and they do not constitute an obstruction to the travel along said street unless the mere fact the city council have so declared make them so. So far from being so they are both useful and ornamental. It has been the policy of the State to encourage the growth of trees outside of city limits, and the habits and customs of the inhabitants of the towns and cities of the State have been such that many of such cities and towns now have a generous supply of shade trees within their borders.

There is no statute declaring trees in a street or highway to be a nuisance. Nor do we believe such to be true at common

law.  Counsel have cited us to no adjudicated case so holding.

2. ——— : ———.  That an obstruction, whether it be a tree or some-
*shade trees.* thing else, in a highway or street is or may be a
nuisance, there is no doubt — the statute so declares.    But it
must amount to an obstruction to the traveling public.  Under
the allegations in the petition, however, we arrive at the con-
clusion, without serious doubt or hesitation, that the trees in
question do not constitute an obstruction to such public, and
therefore are not nuisances.

The ruling below is reversed and the cause remanded, with
directions to grant the injunction upon such terms as are equi-
table.

REVERSED.