BOLTON v. McSHANE.

1. **Trespass**: INJUNCTION TO PREVENT: WHEN ALLOWED. A mere tres-
   pass will not be restrained by injunction when the injury will not be
   irreparable, and the trespasser is solvent, and adequate compensation in
   damages may be recovered by law; but if the injury will be irreparable
   chancery will interfere by injunction to prevent it.

2. **Road Supervisors**: ACTS OF CONTROLLED·BY INJUNCTION: GROUND
   OF EQUITABLE INTERFERENCE. Equity will interfere by injunction to
   restrain road supervisors from removing or interfering with fences,
   hedges, water-courses, and the like, in the discharge of their official
   duties. (See cases cited in opinion.) Relief in these cases is not based
   upon the irreparable character of the injury and the insolvency of the
   defendant, but on sound views of public policy, and is for the protection
   of the officer as well as of the private citizen.

*Appeal from Linn District Court.*

THURSDAY, OCTOBER 22.

ACTION in chancery to restrain defendant from interfering
with or removing a fence. A demurrer to the petition was
sustained. Plaintiff appeals.

*George W. Wilson*, for appellant.

*Davis & Brooks*, for appellee.

BECK, CH. J.—I. The petition alleges substantially that
plaintiff is the owner of a tract of land, along the line of which
is a public highway, which has been used by the public since
plaintiff acquired the land in 1865; that plaintiff, about six-
teen years before the commencement of this suit, erected a
fence along the line of this highway, which has ever since been
maintained by him, and that defendant, as a supervisor of
highways, threatens to remove the fence, and has caused a
written notice signed by him as supervisor to be served upon
plaintiff, a copy of which is made an exhibit to the petition,

requiring plaintiff to remove the fence, and informing him that if the requirement is not complied with within eleven days the defendant himself will remove it.   It is also alleged that defendant, if not restrained by injunction, will remove the fence which would open plaintiff's inclosure, and expose to waste his crops, shrubs and trees, thus working to him an irreparable injury.   A demurrer to the petition, on the ground that the facts stated therein do not entitle plaintiff to the relief demanded, was sustained.

II.   It is a familiar doctrine that the commission of a mere trespass will not be restrained by injunction when the injury would not be irreparable, the trespasser is solvent, and adequate compensation for the injury in damages may be recovered by law.   But if the injury be irreparable, chancery will interfere by injunction. See 2 Story, Eq. Jur., § 928, and notes.   The petition alleges that the injury which will result from the threatened act of defendant will be irreparable.   It therefore shows ground of relief in equity.

1. TRESPASS: injunction to prevent: when allowed.

III.   But there are other reasons against the correctness of the ruling of the district court.   The petition and exhibit clearly show that defendant is threatening to remove the fence in his official capacity as super-visor of highways.   There are numerous cases in this court wherein equity has interfered by injunction to restrain road supervisors and others from removing or interfering with fences, hedges, water-courses, and the like, in the discharge of their official duty. Relief in these cases was not based upon the grounds of the irreparable character of the injury and the insolvency of the defendants.   Without attempting to cite all of these case, we refer to the following which we now remember:   *Bills v. Belknap*, 36 Iowa, 583;   *Grant v. Crow*, 47 Id., 632;   *McCord v. High*, 24 Iowa, 336;   *Quinton v. Burton*, 61 Iowa, 471.

2. ROAD su-pervisors: acts of con-trolled by in-junction: ground of equitable in-terference.

We think it has been for a long time the practice in this state to control by injunction the acts of road supervisors in

cases of this kind. The practice certainly has the support of sound reason, based not only upon the thought of protection to the rights of the parties who may be injured by the acts, but also upon the necessity of protection to the supervisors themselves. Such an officer may be required in the discharge of his duty to remove a fence or hedge, or do other acts whereby he may encroach upon the inclosure adjacent to the highway. The owner of the land, as in this case, may insist that his fence is upon the line of the highway. If the supervisor proceeds to remove the fence he would be personally liable in an action to the owner, if it should be determined that the fence was on the line of the road, for he would not be protected by the fact that he believed the contrary and acted in good faith. Justice and sound public policy demand that for the protection of both the landowner and the supervisor the question of the legality of the supervisor's proposed act should be determined before the injury should be done to the farm, and the liability of the latter should be incurred. The law provides a remedy for the settlement of the controversy between the parties, in advance of the injury to the one and the liability incurred by the other, by an action in chancery, wherein an injunction will suspend the act of the supervisor until the questions of law and facts involved in the controversy are judicially settled. This is in accord with justice and public policy. In support of our conclusion, see Hil. Inj., 486, and cases cited.

It may be urged against this doctrine that while the proceedings are pending the public would be deprived of the use of the road. But this objection is of little force. The public must always wait, as do individuals in like cases, for the settlement of its rights in a legal way before it assumes to exercise them, in all cases where these right are disputed. In the case at bar the petition shows that for fifteen years the public, through its officers, has acquiesced in the location of plaintiff's fence. It can surely endure deprivation of the

road a little longer while the question of the proper location of the fence is being settled by the court.

We reach the conclusion that the district court erred in sustaining the demurrer to plaintiff's petition. The cause is remanded for further proceedings in harmony with this opinion.

REVERSED.