## MAYOR AND COUNCILMEN OF FROSTBURG et al. *vs.* MARX WINELAND.

*Municipality Not Authorized to Remove Shade Trees From Street Unless They Constitute a Nuisance—Injunction.*

Shade trees growing in a city street are not a nuisance *per se*, and a municipality is not authorized, under its general power to pave streets and abate nuisances, to remove such trees unless they are in fact an obstruction to travel or cause some other injury.

The municipality of Frostburg passed an ordinance declaring certain trees in front of plaintiff's premises to be a nuisance, and an obstruction to the paving and curbing of the street and directing their removal. Plaintiff filed a bill for an injunction to prevent the removal of the trees. The evidence showed that the trees stood at the edge of the gutter, outside of the curb ; that they did not obstruct travel on the street and that the curb stones could be so arranged as not to divert the flow of water. *Held*, that the ordinance declaring the trees to be a nuisance is not conclusive, but that question may be determined by the Court in this proceeding.

*Held*, further, that since the evidence shows that the trees do not cause any injury or obstruct the use of the street as a highway, the execution of the ordinance should be enjoined.

Appeal from the Circuit Court for Allegany County (Wil-liams, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Charles G. Watson,* for the appellant.

The Mayor and Councilmen are the judges of what obstructs and constitutes a nuisance of the public streets and their action is not reviewable by the Courts and especially true is that principle of law in this case. The whole street is used for public travel and the trees are on that portion of the street that is most traveled and almost the center of the business portion of the main business street in the town.

The action of a municipal corporation in regards to obstruction on the streets can not be reviewed by a Court of equity and their judgment is final, unless they have clearly exceeded and abuse their authority, there is no evidence in this case to show that the Mayor and Councilmen did not act in good faith, but there is plenty of evidence to show that they did act in good faith and did what they thought was for the very best interest of the town and nobody intimated in their evidence that the grade was not the best could be given and that the work was being done in a proper manner and under these conditions the plaintiff has no chance to get this matter reviewed by the Courts, and in the language of the Court in case of *Meth. Prot. Church* v. *Mayor, &c , of Balto.,* 6 Gill, 391, whether their judgment be right or wrong, is no subject for revision or correction in equity, and the same view is held in *Smith on the Modern Law of Municipal Corporations,* vol. 2, sec. 1311; *Chase* v. *City of Oshkosh,* 81 Wis. 313; 46 Md. 1; *Wm. Vanderhurst* v. *Tholckl,* 113 Cal. 147; *Tate* v. *City of Greensboro,* L. R. A., book 24, page 671; *State* v. *Seaver,* 22 N. W. 576.

*Benj. A. Richmond* and *D. J. Blackiston,* for the appellee.

The trees were the property of the appellee. Here then is an attempt of the city without notice or warning, to arbitrarily declare the trees a nuisance, and to deprive the appellee of his property without a hearing before any tribunal, and without any process of law at all.

Shade trees are a public benefit and cannot be destroyed without the call of public necessity. 26 *Enc. of Law*, 561. The policy of the law favors the planting of shade trees in the streets. 26 *Enc. of Law*, 562, 563.

Shade trees are not a nuisance, and a person has a right to have them on the streets, unless they constitute an obstruction, hindrance or annoyance to travelers, or are a public nuisance. *Graves* v. *Shattuck*, 35 N. H. 257; *Bills* v. *Belknap*, 36 Iowa, 583; *Phifer* v. *Cox*, 21 Ohio Stat. 248. Trees in a highway, belonging to the owner, cannot be cut down unless they obstruct or interfere with the public use of the road or street. *Bliss* v. *Ball*, 99 Mass. 597; *Winter* v. *Peterson*, 24 N. J. Law, 524.

The law favors the planting and preservation of shade trees in the public streets where they do not constitute actual obstructions, and they are not a nuisance *per se. Clark* v. *Dasso*, 34 Mich. 85. JUDGE COOLEY, in this case says: "It must be borne in mind that a tree in a highway is not under our law a nuisance *per se*, and only becomes such when it constitutes an actual injury or obstruction." When the tree is removed the value of private property is destroyed. "A City Council has no power to declare a thing a nuisance which is not such at common law or has not been declared to be such by statute. Trees growing in a highway or street do not constitute nuisances unless they are an obstruction to travel." *Everett* v. *Council Bluffs*, 46 Iowa, 66. "Where the charter of a town gives it power to abate nuisances, the use of this term refers to the general law to determine what acts or things are such." 2 *Dillon on Municipal Corporation*, sec, 660, note 4.

BRISCOE, J., delivered the opinion of the Court.

On the 5th day of November, 1902, the appellee filed a bill in the Circuit Court for Allegany County, in equity, against the appellants, for an injunction to restrain the Mayor and Councilmen of Frostburg from cutting down and removing two shade trees at the curb, between the sidewalk and

the street, and in front of the appellee's property and within the corporate limits.

The bill in substance charges that the destruction of the trees is wholly useless and without authority, and that it is not necessary to the proper grading, paving, curbing or sewering of the street. It is further alleged that the destruction of the trees, on account of their intrinsic value, their beauty and comfort as shade trees, and their enhancement of the value of said property, will be an irreparable loss which could not be compensated for in any way by a suit for damages or by any proceeding at law. That said street, although a main business street of the town, is still not entirely devoted to business houses, but is also a most important and fashionable residence street of the town and thickly occupied by persons living upon the same from end to end; that said shade trees, so far from being a nuisance are an ornament and benefit to said street and the people thereon, and their destruction would be a great harm to the citizens of the town, apart from the special harm that would be done to the plaintiff.

The bill admits the right of the Mayor and Council to improve the streets, to repave or to change the width of the sidewalks or the curbing but charges that the plan adopted, in this case, is a wholly unnecessary, unreasonable, unjust and arbitrary plan, and will result in the useless destruction of the plaintiff's property.

A preliminary injunction was issued on the bill with leave to dissolve after five days' notice to the plaintiffs.

On the 11th of November, 1902, the defendant filed an answer to the bill, denying that the trees are not an obstruction to the street, but charges that they are a great nuisance and a serious obstruction to the public use of the street of the town. It admits the passing of an ordinance declaring the two trees to be a nuisance and an obstruction to the paving and curbing of the street and instructing the Street Commissioners to remove them, but states the order was passed for the good of the public, and with a view to a proper discharge of

their duty as the officers of the town in having all serious obstructions that are likely to cause damage removed from the street.

The answer further denies that the corporation has acted in an unreasonable and arbitrary manner, but insists that they have complete control over the streets and alleys by and under their charter, with full power to remove all nuisances and obstructions and to regrade repave and improve the streets of the town in any manner that in their judgment will be to the best interest of the town and that their acts as a municipal corporation are not reviewable in this Court.

The case was heard on bill, answer and proof, and from a decree passed on the 6th day of August, 1903, continuing and making perpetual the preliminary injunction, with certain modifications, this appeal has been taken.

The law has been settled, in this State, since the case of *Alberger* v. *Mayor, &c., of Balto.,* 64 Md. 7, that where the Legislature confers the power on a municipality, in general terms, to provide by ordinance for paving or repaving the streets, the discretion exercised by the City Council in regard to the propriety or necessity of the improvement provided by the ordinance, cannot be controlled by the Courts, except where the power is exceeded or fraud is charged, and shown to exist, or where there has been a manifest invasion of private rights. JUDGE ALVEY, in delivering the opinion of the Court, cites I *Dillon on Municipal Corporations* (3rd ed.), sec. 94, where it is said, that where the law or charter confers upon the City Council or local Legislature, power to determine upon the *expediency* or *necessity* of measures relating to the local government, their judgment upon matters thus committed to them while acting within the scope of their authority, cannot be controlled by the Courts. In such case the decision of the proper corporate officer is, in the absence of fraud, final and conclusive, unless they transcend their powers.

The first question, then, in the case resolves itself to this, was the summary proceeding of the appellants in declaring the two trees in front of the appellee's property to be a nui-

sance and an obstruction to the paving and curbing of the street, and directing them to be removed and destroyed, so far final as not to be reviewable by the Courts.

This question we think was in effect settled by this Court in the recent cases of *New Windsor* v. *Stocksdale*, 95 Md. 215, and *King* v. *Hamill*, 97 Md. 103. In the latter case it is said, that equity will not lend its aid to enforce by injunction the by-laws or ordinances of a municipal corporation, restraining an act, unless the act is shown to be a nuisance *per se.* And in the case of *Yates* v. *Milwaukee*, 10 Wall. 497, the Supreme Court, held, that the mere declaration by the City Council "that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance unless it in fact had that character. It is a doctrine not to be tolerated in this country that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. This would place every house, every business and all the property of the city, at the uncontrolled will of the temporary local authorities."

It is clear, we think, both upon reason and authority that when a municipality undertakes to destroy private property which is not a nuisance *per se*, it then transcends its powers and its acts are reviewable by a Court of equity. In *Bills* v. *Belknap*, 36 Iowa, 583, it is held, that if the removal of trees in a highway is not required for the free and proper use of the highway, no principle of law will permit it to be done against the will and the interest of the owner. In *Clark* v. *Dasso*, 34 Mich. 88, JUDGE COOLEY, says, that it must be borne in mind that a tree in a highway is not under our law, a nuisance *per se*, and only becomes such when it constitutes an actual injury or obstruction; when the tree is removed the value of private property is destroyed. And in *Everett* v. *The City of Council Bluffs*, 46 Iowa, 67, it is said : "A City Council has no power to declare a thing a nuisance which is not

such at common law, or has not been declared to be such by statutes. Shade trees growing in a street or highway do not constitute a nuisance unless they make an obstruction to travel." And the same principle is upheld in *Graves* v. *Shattuck*, 35 N. H. 257; *Phifer* v. *Cox*, 21 Ohio St. 248; *Bliss* v. *Ball*, 99 Mass. 597; *Winter* v. *Peterson*, 24 N. J. L. 524.

As the best adjudicated cases hold that shade trees in a highway or a street are not a nuisance *per se*, and only become so, when they obstruct or interfere with the use of the highway or street, we come to the remaining question, and that is, does the proof in the record show, *that* the trees here in dispute, amount to such an obstruction to the travelling public, as to constitute a nuisance.

The record contains a large amount of testimony as to these shade trees, and as to their situation and location in the street, and it would answer no good purpose to attempt to reconcile the conflict in this testimony or to set it out in detail here. As stated by the Judge in his opinion, in the Court below. "These trees have been standing more than forty years and there is no evidence to show that in all that long time they have impeded travel or worked any great inconvenience, except in one instance when a wagon came in collision with a projecting limb, which has been cut off. Nor does the evidence tend to establish the fact that the trees are or have been a nuisance. The defendants whole objection to the trees seems to be based on their fear that they will be an obstruction to the grading and paving of the street, and that if they remain, they will divert the flow of the water from the curb, and flood the street and sidewalk and cause the accumulation of debris on the street and prevent the making of a pavement and curb in a workmanlike manner. The trees stand in the curb, a convenient and proper place, escaping the obstruction of footmen on the one hand and vehicles on the other."

According to the evidence these trees stand on the outside of the curb and on the edge of the gutter and are about one foot and a half in diameter. One of the trees is about six inches outside of the curb, and the other from eight to ten

inches. There is no evidence that the trees will obstruct the sidewalk, or that they present any material obstruction to travel on the street. Messrs. Townsend and Shriver, two civil engineers, testified that the curb stones could be so arranged as to carry the water around the trees and when so fixed the trees would be no material obstruction on this account.

Upon the whole case then as disclosed by the record, we are of the opinion that the trees in question do not so obstruct the street as to constitute a nuisance.

The cases cited and relied upon by the appellant, are clearly distinguishable in principle from this. They are based upon some statute or rest upon dissimilar facts.

The general doctrine, as stated by the appellee in his brief, cannot be denied, that a city which is invested with power to regrade and repave a street can determine upon the expediency and necessity of so regrading, and upon the kind of pavement to be used, free from the interference of a Court of equity; but if a municipality in doing an act of that kind, arbitrarily or unnecessarily undertakes to destroy private property which is not a nuisance, it then undertakes to do an act beyond its delegated power and those acts are within the corrective powers of a Court of equity.

For the reasons given the decree of the Circuit Court for Allegany County, will be affirmed.

*Decree affirmed with costs.*

(Decided January 12th, 1904.)