## CLARENCE S. WADSWORTH *vs.* THE TOWN OF MIDDLE-TOWN ET AL.

First Judicial District, Hartford, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

Ordinarily an abutting landowner takes title in the soil to the middle of the highway, with the right to set out and maintain shade trees therein, unless they interfere with or obstruct public travel, or their removal is required for highway uses.

While towns are bound to keep highways reasonably safe and free from obstructions, they have no right to remove shade trees growing therein unless their removal is reasonably necessary for public travel.

Public authorities cannot by mere declaration make that a nuisance which is not such in fact, and in reliance upon such declaration destroy private property. But inasmuch as the care and maintenance of highways is a governmental duty, so long as the town officials charged with that duty act in good faith and in the exercise of an honest judgment, and not in the abuse of their discretion, or maliciously or wantonly, they cannot be held liable.

It may be difficult in some instances to determine whether a tree is in fact an obstruction or not, and cases may arise in which the public officials, acting honestly, commit an error of judgment; and in none of such cases ought the officials to be held responsible for resultant damage, the decision reached being one within their discretion. Where, however, as in the present case, the public official acts outside any suggested benefit to public travel and in plain abuse of his discretion, and destroys valuable shade trees, he cannot plead governmental immunity.

A public official is responsible for the illegal acts of one whose employment was discretionary with him. He is also liable if—as in the present case—he directed and authorized such acts.

An individual member of the board of selectmen cannot bind the board, or other members of it, for acts authorized by him which lie outside the province of its or their public governmental duty.

The case of *Ely* v. *Parsons*, 55 Conn. 83, approved and followed.

Argued January 6th—decided March 5th, 1920.

ACTION to recover damages for wantonly, negligently and unnecessarily cutting trees and shrubs be-

tween the traveled path of a highway and the fence line of the plaintiff's land, within the legal limits of the highway, brought to and tried by the Superior Court in Middlesex County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $1,000 against the defendant Peck, from which he appealed. *No error.*

Plaintiff was the owner in fee of a piece of land in Middletown abutting on two highways, whose boundaries were marked by stone walls. Within the limits of these highways, between the traveled way and the boundary walls along plaintiff's land, trees and bushes had grown for some time, and some of them overhung the traveled way so as to impede travel and to be a nuisance, and complaints had been made concerning these conditions to the defendant Peck as first selectman of Middletown. In consequence of these complaints Peck directed one Atkins to take men to the locality and "trim off the sides of the road to the wall and make a good job of it." Peck did not personally go to this locality until after Atkins and the men had completed their work, and he gave no further directions or instructions and no further attention to the matter. Atkins was not an official of the town, but had been occasionally hired by the first selectman Peck to make repairs on town roads, and whether he should be so employed, and when, where and how he should work, were matters solely within the discretion of Peck.

Atkins, pursuant to Peck's instructions, took a gang of men to the locality and cut a large number of shrubs, bushes and trees between the boundary wall and the edge of the traveled way, for a distance of twenty-five hundred feet. The trees cut were one hundred and ten of from three to seven inches in diameter, which stood at varying distances of from

twelve to twenty-eight feet from the edge of the traveled way, and also a large number of bushes, shrubs and smaller trees which stood within twelve feet from the edge of the traveled way. It was necessary to cut some of these trees and bushes to make the highway reasonably safe and convenient for public travel, but the larger number of bushes and trees which were cut did not obstruct the highway or interfere with its convenient use by the public.

Atkins in what he did, did not act maliciously or wantonly, but used his own judgment according to the instructions of Peck.

The plaintiff had planned to make use of the land on which the bushes and trees were cut as a part of, and with relation to, a park or ornamental grounds which he had undertaken to lay out on his land abutting on the highway, and these trees and bushes were designed to be and would have become an important part of the ornamentation of the plaintiff's park and grounds.

The cutting of these trees and bushes damaged the plaintiff to the extent of $1,000.

*Ernest A. Inglis*, for the appellant (defendant Peck).

*Gustaf B. Carlson*, for the appellee (plaintiff).

WHEELER, J.   The chief ground of appeal of the defendant Peck, is that the cutting of the brush and trees complained of was done by him as selectman of Middletown, in the exercise of his discretion, and hence for any damage done him the plaintiff is remediless.

Support for this proposition is found in the assertion of the right of the public authorities to clear a highway of such brush and trees as is in their discretion necessary or advantageous; and by the further asser-

tion, that liability for damage resulting to the adjoining property owner cannot arise unless it appears affirmatively that these officials abused their discretion by acting maliciously or wantonly.

The plaintiff, whose land abutted on these highways —there being nothing in the record to the contrary— is to be regarded as the owner of the soil to the middle of these highways, and enjoys over this strip the full privileges of ownership, provided his acts of ownership do not interfere with the easement of passage of the public. *Newton* v. *New York, N. H. & H. R. Co.*, 72 Conn. 420, 427, 44 Atl. 813. One of the privileges of ownership which the plaintiff possessed was that of setting out shade trees along the highway. *Fitch* v. *New York, P. & B. R. Co.*, 59 Conn. 414, 420, 20 Atl. 345. For nearly seventy-five years our statutes have evidenced the State's interest in having owners of land adjoining our highways set out shade trees along the highways; and since 1881 we have given a bounty to any person planting, protecting and cultivating trees along our highways. The first statute permitting the issuance of permits to owners to set out trees in the highways, conditioned the issuance of the permit upon the determination of the selectmen that the planting did not interfere with public travel. The statutory grant to maintain the wires of electric light and telegraph companies upon a highway is made upon the condition that they do not interfere with public travel, or injure any tree in the highway without the consent of the owner. The policy of our State is to encourage the planting and maintenance of trees along our highways. Not only does this add to our comfort and enjoyment, but it also helps cultivate a sense of beauty in our people. Shade trees are not nuisances in a highway unless they interfere with or obstruct public travel, or their removal is required for the uses of the

highway. 13 R. C. L. p. 203, § 173; *Frostburg* v. *Wineland*, 98 Md. 239, 56 Atl. 811; *Everett* v. *Council Bluffs*, 46 Iowa, 66. The duty of town and municipality is to keep the streets reasonably safe and reasonably free of obstructions, and not to remove shade trees from the limits of the highway unless their removal is reasonably necessary for public travel or for the reasonable uses of the public highway. *Rosenthal* v. *Goldsboro*, 149 N. Car. 128, 62 S. E. 905; *Everett* v. *Council Bluffs*, 46 Iowa, 66.

Public authorities cannot by mere declaration make that a nuisance which is not such in fact, and in reliance upon this declaration destroy property. But since they are engaged upon a governmental duty in the care and maintenance of the highways, so long as they act in good faith, in the exercise of an honest judgment, and not in abuse of their discretion, or maliciously or wantonly, they cannot be held liable. The town or its agents have the undoubted right to cut down trees in the highway which interfere with public travel. *Ely* v. *Parsons*, 55 Conn. 83, 10 Atl. 499. Whether the tree is in fact an obstruction will in some instances be difficult of answer. The border line is not always plain to see. Other cases will arise where the public officials acting honestly commit an error of judgment. In none of these cases ought the town officials to be held responsible for resultant damage; for the decision is one within their discretion, and unless they act maliciously, or wantonly, or in abuse of the discretion vested in them, they ought not to be held liable, and by the weight of authority they cannot be held liable. *Wilson* v. *Simmons*, 89 Me. 242, 36 Atl. 380; *Commonwealth* v. *Byard*, 200 Mass. 175, 86 N. E. 285; *Pinkerton* v. *Randolph*, 200 Mass. 24, 85 N. E. 892; *Chase* v. *Oshkosh*, 81 Wis. 313, 51 N. W. 560; *Vanderhurst* v. *Tholcke*, 113 Cal. 147, 45 Pac. 266; *Rosenthal* v. *Goldsboro*, 149 N. Car. 128, 62

S. E. 905; *LaGrange* v. *Overstreet,* 141 Ky. 43, 132 S. W. 169; 13 R. C. L. pp. 204, 206, §§ 174, 175. The defendant selectman argues that public officials, in the care of highways, may act, in removing obstructions, within their discretion; but the final conclusion of his brief concedes that the exercise of this discretion does not justify their acting wantonly or maliciously, or with a clear abuse of discretion.

And we think this is our own rule. The discretion to be exercised is a sound discretion, yet necessarily it must be a wide discretion in the performance of these governmental duties. That every tree cut did not interfere with the public easement in the highway, or promote the public convenience, will not be the determining factor in justifying an abutting owner in his recovery of damages. Where the discretion has been exercised erroneously but in good faith through an error of judgment, the public official should not be required to pay damages for his acts. The affairs of government cannot be conducted with absolute exactitude, and public officials cannot be expected to act in all cases with certain judgment. Timidity and doubt would govern their performance of public duty if they acted in the consciousness that personal liability might follow, no matter how closely they followed their best discretion. Courts should not too closely scrutinize the acts of discretion on the part of the public official in the care and maintenance of highways, even though there be an erroneous exercise of discretion, when the good faith of the transaction is manifest and the most that the situation indicates is an error of judgment.

Where, however, the public official acts outside any suggested benefit to public travel, and destroys property, he cannot plead governmental immunity. His act is then clearly illegal. He has not acted in the exercise of a reasonable discretion but in abuse of it.

Any other holding would subject the property of every owner abutting a highway to the unrestrained will of whoever chanced for the moment to have the care and maintenance of our highways. The rule which, on the one hand, fairly protects the abutting owner, and, on the other, fairly protects the public official in acting in the line of duty, is that unless he acts maliciously, or wantonly, or in abuse of the discretion vested in him by law, he shall not be subjected to personal liability.

The defendant argues that public officials caring for highways may act, in removing obstructions within the highway, within their discretion. This is true where the obstruction interferes with public travel. But where it does not so interfere another rule governs. As we have pointed out, the defendant's brief practically concedes that the exercise of discretion by a public official in caring for highways does not justify acting maliciously, or wantonly, or in clear abuse of the discretion by law vested in him.

The finding shows that the defendant cut down a great number of trees which did not obstruct the public easement of travel over the highway, and were in fact distant from it. The plaintiff was the owner of these trees, his property was destroyed; and this was done by the defendant, not through mere error of judgment but through a failure to exercise not merely reasonable discretion but any discretion. There could be no plainer case of an abuse of discretion by a public official. And when we look beyond the acts done to ascertain how they came to be done, we find so great an abuse of discretion as to characterize the acts done as wanton. Charged with the duty of caring for these highways and removing the obstruction to them caused by trees and bushes growing alongside, the defendant, as selectman, without examining the locality and determining what should be done, and, so far as this

record shows, possessed of no knowledge of the ·extent of the obstruction or of the requirements to make the highways reasonably safe for public travel, sent Atkins, whom he had occasionally hired to make repairs on the town highways, with a gang of men and with instructions "to trim off the sides of the roads to the wall and make a good job of it." Atkins acted in accordance with his instructions and cut everything to the wall for a distance of twenty-five hundred feet, and for a distance of twenty-eight feet from the traveled way. The work was left to the judgment of Atkins. The defendant did not endeavor to control it. Atkins was an employee hired by the defendant and his employment was discretionary with the defendant. The public official is always responsible for the illegal acts of his subordinate whose appointment is a mere hiring and discretionary with him. And the defendant would likewise be held liable for the illegal acts of Atkins because he directed and authorized them.

*Ely* v. *Parsons*, 55 Conn. 83, 10 Atl. 499, is in its facts nearly identical with this case and its decision controls this case. Counsel have pressed with such earnestness the contrary of the conclusion there reached, that we have reëxamined the underlying grounds of that decision, are entirely satisfied that it is sound as applied to the special facts of that case, and sound in its legal conclusion and in the grounds upon which it is based.

The final contention of the defendant is that he is not responsible for the acts of Atkins, because Atkins was not his agent but the agent of the board of selectmen as a whole. For the acts done outside the scope of their governmental duty the selectmen could not bind the board. Its act would be the act of those members participating, and they alone would be responsible for their act. No more can the individual member of the board bind the board, or a member of

the board, for acts which lie outside the province of their public duty. To what extent the first selectman may bind the board and the town, we do not now determine.

There is no error.

In this opinion the other judges concurred.