## Town of Old Saybrook v. Lyman Walter Higginson

SUPERIOR COURT MIDDLESEX COUNTY FILE No. 9715

Memorandum filed July 19, 1948.

*Nathan A. Schatz,* of Hartford, for the Plaintiff.

*Beers & Beers,* of New Haven, for the Defendant.

INGLIS, J. This is an action brought to enjoin the defendants from using a portion of a highway as a parking space. The complaint alleges that formerly the highway in question was a state road but that on January 27, 1930, the state highway commissioner abandoned such portions of the highway as abutted the defendant's land and that, since said time, the plaintiff has converted and used said land as a park. The complaint further al-

leges that the defendants in November, 1946, covered a portion of said highway with stone and gravel and have converted it into a parking lot.

The present demurrer is based on the ground that it does not appear that the plaintiff had any right to convert the highway into a park or use it for that purpose. It is of course true that the only effect of the abandonment of the highway as a state road was to leave it as a town highway. That is specifically provided by the statute under which it is alleged in the complaint that the highway commissioner acted, i. e., Public Acts, 1925, Chap. 263, § 41. That section provides that "such section of the highway shall revert to the town unless legally abandoned by it."

There is no authority in a town to convert a town highway into a park. Unless there is an allegation to the contrary, the presumption is that when the highway was originally laid out the only thing which was taken was the easement to pass and re-pass, leaving the ownership of the fee in the original owner of the land and his successors. To convert land taken for high-way purposes into a park imposes an added burden thereon in-sofar as it prevents the abutting owners from using the highway as such. They still have the right to use the land in any way which does not interfere with the proper use of the highway as a highway by the public. *Wadsworth* v. *Middletown,* 94 Conn. 435.

Although this is all true, it appears that the plaintiff does not rest its case exclusively or indeed in part on the allegation that the area involved is a park. Its prayer for relief is that the de-fendants be enjoined from using said "highway." It may well be that the allegations of the complaint are not sufficient to show a right to restrain an abutting owner from using the high-way or a portion thereof for the purposes of parking, but that is not the ground on which the demurrer is based.

Inasmuch as the cause of action is rested on a claim that the area in question is a highway, the fact that the plaintiff in-cidentally refers to the area as a park is not vital. Accordingly, the demurrer, attacking as it does only the allegation that the land is a park, does not go to the essence of the claimed cause of action set up in the complaint. It must therefore be over-ruled.

The demurrer is overruled.