[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (NO. 103 MOTION TO STRIKE)
Defendant, State of Connecticut, moves to strike the complaint contending it is legally insufficient in that if the defendant owed a duty of care, it was to the public at large, not to a specific individual and further that a claim for bystander emotional distress is not recognized.
This case, alleging negligence and bystander emotional distress, arises from the stabbing death of Jessica Short by David Peterson, a patient at Connecticut Valley Hospital ("CVH"), a psychiatric hospital operated by the defendant, the State of Connecticut.
The plaintiffs, Ronald and Catherine Short, as co-administrators of the estate of their decedent daughter, Jessica Short; Catherine Short, individually and Tanya Short, decedent's sister, filed a three count complaint on April 28, 1990. In count one, plaintiffs, Ronald and Catherine Short, as co-administrators, allege that on July 28, 1989, the day of Jessica Short's murder, CVH knew of David Peterson's history of violent stabbing attacks, that he was a danger to others, that he was ordered confined to CVH, that CVH failed to take the necessary measures to confine him by failing to adequately monitor and restrict his movements and that as a result of such negligent conduct, he managed to leave CVH undetected and make his way to Middletown, Connecticut, where, CT Page 3855 in the presence of Catherine and Tanya Short, he stabbed Jessica Short to death.
The plaintiffs were granted permission to sue the State by the claims commissioner, pursuant to Conn. Gen. Stat. 4-160 (a), et. seq., on March 9, 1990. The commissioner conditioned his waiver of the State's sovereign immunity by leaving it for the Superior Court to decide whether the "official responsibility rule," as articulated in Shore v. Stonington, 187 Conn. 147
(1987), which applies to municipal immunity, also applies, to claims against the state, and if the rule applies, how it affects the individual claims of the plaintiffs. Further, independent of the rule, the Commissioner conditioned the waiver by permitting the State to argue that any duty owed to the claimants was a public duty of such a nature that no individual causes of action for breach of that duty could be maintained.
Defendant filed a motion to strike plaintiffs' complaint on August 22, 1990, on the ground of legal insufficiency for failing to state claims for which relief can be granted.
Pursuant to Conn. Gen. Stat. 4-160, when granting permission for a claimant to sue the State, the claims commissioner must be of the opinion that the claim "presents an issue of law or fact under which the state, were it a private person, could be liable." The statute also provides:
 The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the . . . governmental nature of the activity complained of. The rights and liability of the state in each such action shall be co-extensive with and shall equal the rights and liability of private persons in like circumstances. (emphasis added).
In accordance with the clear expression of Conn. Gen. Stat.4-160 (a), (b), the commissioner has no authority to grant a conditional waiver. Further, since the commissioner found that "the requisite statutory provisions relative to granting permission to sue have been met" (see Order of the Commissioner, File Nos. 11073, 11074, 11075, March 9, 1990), permission to sue has been granted, and the state is precluded from raising any issues or defenses of a governmental nature, and thus stands in the shoes of a private party.
Defendant maintains in its memorandum, with regard to plaintiffs' claim of negligence, that if any duty was owed at all, it was a duty owed to the public at large, and not to a specific CT Page 3856 individual. Defendant further argues that without the existence of a duty, there can be no action for negligence.
Plaintiffs argue that the state is a private party in this action, and that a private party would be liable to the plaintiffs under the facts alleged.
In order to state a claim of negligence, it is well settled law that:
 The existence of a duty of care is an essential element of negligence . . . . A duty to use care may arise from . . . circumstances under which a reasonable person, knowing what he knows or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982).
Calderwood v. Bender, 189 Conn. 580, 584 (1983).
Taking the alleged facts as true, and in a light most favorable to the plaintiffs as required for a Motion to Strike, count one of the complaint sufficiently alleges the existence of a duty owed by the defendant. The motion to strike count one is therefore denied.
It should be noted that contrary to the defendant's assertions, the "official responsibility rule" as articulated in Shore is applicable only where a plaintiff sues an individual in his capacity as an officer of the state; see Leger v. Kelley,142 Conn. 585 (1955), which has been prohibited under Conn. Gen. Stat.4-165 since 1959, or where a plaintiff sues an individual in his capacity as an officer or employee of a municipality. See generally, Gauvin v. Bridgeport Housing Authority, 208 Conn. 161,165-170 (1988); Ryskiewicz v. New Britain, 193 Conn. 589 (1984); Gauvin v. New Haven, 187 Conn. 180 (1982); Wadsworth v. Middletown, 94 Conn. 435 (1919); Trautman v. Stamford,32 Conn. Sup. 258 (1974).
In counts two and three of plaintiffs' complaint, plaintiffs allege that as a further result of defendant's negligence, plaintiffs, Catherine and Tanya Short, decedent's mother and sister respectively, witnessed the killing, which caused them to suffer extreme emotional distress, and thus incurred expenses for counselling and treatment.
Defendant argues in its memorandum that counts two and three should be stricken, asserting that Connecticut law does not CT Page 3857 recognize a cause of action for bystander emotional distress, and cites to three Supreme Court cases, Strazza v. McKittrick,146 Conn. 714 (1959); Amodio v. Cunningham, 182 Conn. 80 (1980); and Maloney v. Conroy, 208 Conn. 392 (1988) to support its assertion.
The leading case in support of a cause of action for bystander emotional distress is Dillon v. Legg, 68 Cal.2d 728,441 P.2d 912 (1968), as cited in Amodio, 182 Conn. at 87-93, and Maloney, 208 Conn. at 395-404. The Dillon criteria for a bystander emotional distress action were subsequently refined and limited by Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814 (1989), requiring that the plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the negligent act when it happens, and is then aware that it has caused injury to the victim; and (3) suffers serious emotional distress as a result of (1) and (2), beyond what a disinterested witness would suffer, but not abnormal under the circumstances.
The claim in Strazza, 146 Conn. 714, was denied because no injury occurred; the claim in Amodio, 182 Conn. 80, a medical malpractice case, was denied because the victim's injuries were observed by the plaintiff "a considerable time" subsequent to when they were actually caused by the negligent act; and the claim in Maloney, 208 Conn. 392, another malpractice case, was denied because the Connecticut Supreme Court chose, like California in Thing, to limit a defendant's liability regarding an action for bystander emotional distress. Maloney limits defendant's liability by disallowing such an action specifically in medical malpractice actions.
Despite the failure by the Supreme Court to embrace Dillon, our Supreme Court has yet to deny a cause of action for bystander emotional distress, where the facts of the case met the Dillon standard. As recognized by one Superior Court judge, "lacking any clear direction from our Appellate Courts prohibiting emotional bystander distress as a cause of action, the plaintiff[s] should be permitted to pursue [their claims] here." Buynovski et al. v. Ford Motor Company et al., 1 CTLR 542, 544 (April 23, 1990, Maiocco, J.). While a split of opinion does still exist in the Superior Courts, the number of Superior Courts recognizing a bystander emotional distress cause of action continues to grow. See generally, Lawrence, et al. v. Sniffen, 3 CTLR 355 (March 11, 1991, Ryan, J.); Trapp et al. v. W.H. Co-Op Marina, 3 CTLR 49 (January 7, 1991, Schimelman, J.).
In applying the refined Thing criteria to the pleadings in the instant case, the requirements have been met. Plaintiffs allege facts which, if proven, show that they are closely related to the victim, they witnessed the injury, and suffered extreme emotional distress as a result of defendant's negligence. CT Page 3858 Therefore defendant's motion to strike counts two and three of the complaint is also denied.
STUART M. SCHIMELMAN, JUDGE