[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Alan H. Horowitz, brings this action against the defendant, Gary L. Smith, claiming to have sustained water damage to his property at 24 Sunset Drive, New Fairfield.
The defendant. Gary L. Smith, owns property at 16 Sunset Drive which abuts the plaintiff's property.
The plaintiff alleges that as a result of the negligence of Gary Smith, water was caused to flow over 24 Sunset Drive, causing damage to the real estate.
On April 22, 1998, the defendant, Gary L. Smith, filed an apportionment complaint, naming both the Tax District of Bogus Hill and the Town of New Fairfield as defendants.
The second count of the apportionment complaint, directed against the Town of New Fairfield, alleges that the town "controlled, or partially controlled, the private roads within the Bogus Hill Community and was responsible for the construction, service and maintenance of all roads within such community including the catch basins and curbs associated with such roads." (Para. 5.)
The apportionment complaint goes on to allege that the Town of New Fairfield was negligent in seven ways.
These allegations concern the negligent installation of catch basins, curbs or other drainage systems, a failure to warn of allegedly dangerous conditions, and approval by the Town of New Fairfield of a retaining wall located on the defendant's property at 16 Sunset Drive. CT Page 12995
The Town of New Fairfield moves for summary judgment on the apportionment complaint, claiming that it owed no duty to the Bogus Hill Community, in that it is a private community accessed by private roads (see affidavit of Tony Iadarola, Superintendent of Public Works).
The defendant, Gary L. Smith, as plaintiff on the apportionment complaint, does not dispute the claim that Bogus Hill is a private community, and that the Town of New Fairfield does not own, maintain or control private roads located within the community. Nor does he contest the portion of the superintendent's affidavit which states that New Fairfield "has never installed curbs, catch basins or pavement in the Bogus Hill Community."
Rather, he claims that because the Town of New Fairfield approves the construction of sewers, additions to property within the Bogus Hill Community, and approved a retaining wall at 16 Sunset Drive, the town may be liable in negligence.
He argues that the requirement that improvements be inspected and approved by the Town of New Fairfield raises genuine issues of material fact, and that the motion for summary judgment should therefore be denied.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when documentary and other evidence demonstrates that no genuine issue of material fact remains between the parties, and that the moving party is entitled to judgment as a matter of law. Bartha v.Waterbury House Wrecking Co., 190 Conn. 8, 11 (1983); Daily v.New Britain Machine Co., 200 Conn. 562, 568 (1986). The moving party has the burden of showing what the truth is as to the existence of any genuine issue of material fact. Yanow v. TealIndustries. Inc., 178 Conn. 262, 268 (1979).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The test to be applied is whether, construing all facts most favorably to the nonmoving party, the moving party would be entitled to a directed CT Page 12996 verdict. United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380 (1969).
 INSPECTION BY MUNICIPAL EMPLOYEES IS GOVERNMENTAL FUNCTION
The apportionment defendant, Town of New Fairfield, claims that it is immune from liability because all of the acts recited by the defendant, Gary L. Smith, concern the performance of a governmental duty by its employees.
Although a municipality was generally immune from liability at common law; Ryszkiewicz v. New Britain, 193 Conn. 589, 593
(1984); municipal employees could face personal liability in tort. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165
(1988).
Connecticut courts first adopted a qualified governmental immunity in Wadsworth v. Middletown, 94 Conn. 435, 439 (1920), where the court held that if public officials were engaged in a governmental duty and acted in good faith, exercised honest judgment, and did not act maliciously or wantonly, they could not be held liable.
Although a qualified immunity is recognized in the performance of a governmental function, a municipality may be liable for the failure to perform a ministerial act.Burns v. Board of Education, 228 Conn. 640, 645 (1994).
The word ministerial is used to define a duty which is to be performed in a prescribed manner, without the exercise of judgment of discretion. Wright v. Brown, 167 Conn. 464, 471
(1975); Fraser v. Henninger, 173 Conn. 52, 60 (1977).
When inspecting or approving a retaining wall at 16 Sunset Drive, or other improvements within the Bogus Hill Community, town employees were performing functions which necessarily involve the exercise of judgment or discretion. Evon v. Andrews,211 Conn. 501, 506 (1989).
The functions performed were therefore governmental, not ministerial in character.
Because the functions performed by New Fairfield town employees, as alleged in the apportionment complaint, involve the exercise of judgment or discretion, the defendant, Gary L. Smith, CT Page 12997 must demonstrate that the facts as alleged involve an exception to the general rule that municipal employees are immune from liability when performing governmental functions.
Our law has recognized three exceptions to the qualified immunity for discretionary (governmental) acts: (1) where the circumstances make it apparent that the failure to act would likely subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or a municipal official for failure to enforce certain laws; and (3) when the alleged acts involve malice, wantonness or intent to injure, rather than negligence.Burns v. Board of Education, supra, 645; Evon v. Andrews,supra, 505.
The defendant, Gary L. Smith, does not rely on any specific statute, and makes no claim that the actions of the New Fairfield town employees were willful or wanton.
Therefore, if he is to prevail in his opposition to the motion for summary judgment, he must show that the actions of the town would subject an identifiable person to harm, and that a duty was therefore owed to the defendant.
A determination of whether a duty exists between parties is a question of law for the court Petriello v. Kalman, 215 Conn. 37; 382 (1990); Shore v. Stonington, 187 Conn. 147, 151 (1982);Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982).
This "discrete person/imminent harm" exception has received very limited recognition and has been applied sparingly.Evon v. Andrews, supra, 507.
In Shore v. Stonington, a police officer stopped a speeding motorist. Although the officer observed some evidence of intoxication, he allowed the motorist to proceed. Later that same evening, the motorist was involved in an accident which resulted in a fatality.
When the decedent's administrator instituted suit, the court held that the plaintiff's decedent was not an identifiable individual subjected to harm and no duty was owed because the officer's duty was a public not a private duty.Shore v. Stonington, supra, 152. CT Page 12998
Evon v. Andrews applied the rationale of Shore v. Stonington
to a situation involving the alleged failure of municipal employees to enforce various statutes, regulations and codes concerning a rental dwelling.
The court determined that no duty was owed to those killed in a subsequent fire. Evon v. Andrews, supra, 508.
Here, the defendant, Gary L. Smith, has failed to demonstrate any exception to the immunity enjoyed by municipal employees who are performing a governmental function.
His reliance upon Peterson v. Oxford, 189 Conn. 740 (1983) is unavailing.
In that case the court found that the defendant had created a nuisance, through use of an easement, by increasing the volume of water flowing into a brook. The court found that the defendant's use of the easement exceeded its intended scope.Peterson v. Oxford, supra, 746.
Here, there is no allegation that the apportionment defendant either affirmatively created a nuisance or violated a specific statute.
Because all of the acts attributable to employees of the Town of New Fairfield in the apportionment complaint involve the exercise of discretion and judgment, and no exception to the immunity enjoyed by municipal employees applies, the defendant, Gary L. Smith, cannot prevail against the Town of New Fairfield in his apportionment complaint.
The apportionment defendant Town of New Fairfield's motion for summary judgment is therefore granted
Radcliffe, J.