SHIRLEY GERSTENZANG *v.* GLENVILLE NEWS AND
FLORIST, INC., ET AL.
(AC 21770)

Mihalakos, Bishop and Daly, Js.

Argued May 8—officially released August 13, 2002

*Michael R. Kerin*, with whom, on the brief, was *Michael Gene Clear*, for the appellant (plaintiff).

*Valerie E. Maze*, with whom, on the brief, was *Fernando F. de Arango*, for the appellee (defendant Maurice Roddy).

*Opinion*

BISHOP, J. The plaintiff, Shirley Gerstenzang, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant Maurice Roddy,[1] following the court's granting of the defendant's motion to set aside the verdict and for judgment notwithstanding the verdict. She claims that the court acted improperly in refusing to instruct the jury on the effect of ultra

---

[1] The plaintiff commenced an action against Maurice Roddy, Glenville News and Florist, Inc. (Glenville News), and Rock Spring Partners Limited Partnership (Rock Spring). The court rendered summary judgment in favor of Glenville News. Following a trial, the court rendered judgment in favor of Rock Spring after the jury found that it had not acted negligently. Consequently, for the purpose of this appeal, Roddy is the only remaining defendant, and we refer to him in this opinion as the defendant.

vires acts by a municipality.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. Prior to April, 1995, at 263 Glenville Road, Greenwich, a planter, approximately fifteen feet by four feet, occupied two parking spaces directly in front of a retail store operated by Glenville News and Florist, Inc. (Glenville News). Half of the planter was located on property owned by Rock Spring Partners Limited Partnership (Rock Spring), Glenville News' landlord. That half abutted a sidewalk owned by Rock Spring, while the other half rested on public property abutting the street.

Glenville News asked the town of Greenwich (town) to remove the planter. The defendant commissioner of public works for the town, who was responsible for maintaining the highways within the town, ordered the planter removed in response to the request. On April 17 and 18, 1995, town employees removed the planter and repaved the area underneath. That task was accomplished under the supervision of the town's highway foreman, Paul Kohloff. Neither the defendant nor any town employees performed work on the sidewalk in front of Glenville News; instead, they left the edge of the sidewalk exposed so as to function as a curb.

On April 19, 1995, the plaintiff tripped and fell while attempting to step up onto the sidewalk and was injured. The plaintiff subsequently commenced a negligence action against Glenville News, Rock Spring and the defendant. The defendant, in response, alleged the special defense of governmental immunity.

---

[2] In her principal brief, the plaintiff claimed that the court improperly failed to find as a matter of law that the defendant was under a ministerial duty to construct a six inch curb at the site of her fall. The plaintiff withdrew this claim in her reply brief.

During the trial, the plaintiff filed a request to charge the jury, asking the court to include an instruction on the effect of ultra vires acts by the town.[3] The court declined, however, to include an instruction on that issue.

On July 27, 2000, the jury returned a verdict against the defendant in the amount of $208,005.75. The defendant filed a motion to set aside the verdict and for judgment notwithstanding the verdict, and the court granted the motion and rendered judgment in the defendant's favor. This appeal followed.

Turning now to the claim raised by the plaintiff, we are mindful that "[t]he court has a duty to submit to the jury no issue upon which the evidence would not reasonably support a finding." *Batick* v. *Seymour*, 186 Conn. 632, 641, 443 A.2d 471 (1982). The plaintiff specifically claims that the court acted improperly in refusing to instruct the jury on ultra vires acts and that she was harmed by that refusal. If the instruction were given, the plaintiff argues, it would have allowed the jury to find that the defendant had engaged in an ultra vires act, i.e., an act beyond the scope of his authority as commissioner of public works. Therefore, the doctrine of qualified immunity for discretionary acts of municipal employees would not apply to shield the defendant from liability. We conclude that the court acted properly.

In general, a municipal employee has a qualified immunity in the performance of a governmental duty. *Evon* v. *Andrews*, 211 Conn. 501, 505, 599 A.2d 1131 (1989). Comment g to § 895D of the Restatement (Second) of Torts (1979), provides in relevant part: "An immunity protects an officer only to the extent that he

[3] An *ultra vires* act is an "act performed without any authority to act on the subject." Black's Law Dictionary (6th Ed. 1990) p. 1522. "Ultra vires act of municipality is one which is beyond powers conferred upon it by law." Id.

is acting in the general scope of his official authority. When he goes entirely beyond it and does an act that is not permitted at all by that duty, he is not acting in his capacity as a public officer or employee and he has no more immunity than a private citizen." Our Supreme Court has also spoken to this point. In *Rudnyai* v. *Harwinton*, 79 Conn. 91, 95, 63 A. 948 (1906), our Supreme Court held that "municipal immunity from liability for injuries resulting from the maintenance and repair of highways, does not extend beyond the governmental duty imposed by the State."

In the present case, there are two relevant statutory sources that define the scope of the defendant's authority to act. General Statutes § 13a-99 provides in relevant part: "Towns shall, within their respective limits, build and repair all necessary highways . . . ." Also, § 158 (a) of the Greenwich charter provides: "The Commissioner of Public Works shall have full charge of the maintenance and repair of highways . . . ." Whether the removal of the planter was an act performed in furtherance of the defendant's charge of maintaining and repairing the town's highways is at the heart of this controversy.

The plaintiff contends that the defendant acted outside the scope of his authority by entering and removing the planter, half of which was on private property, and that the issue of whether he was acting in an ultra vires manner should have been submitted to the jury. One case in particular guides our consideration of this issue, *Wadsworth* v. *Middletown*, 94 Conn. 435, 109 A. 246 (1920).

In *Wadsworth* v. *Middletown*, supra, 94 Conn. 436, the plaintiff was the owner of a piece of land that abutted two highways, and on the boundaries of his land various trees and shrubs had overgrown to the point that they were obstructing travel. The defendant, who

was the town selectman, ordered that this overgrowth be trimmed, an activity that required municipal employees to go on private property for the purpose of trimming the trees. See id., 437–38. The employees, however, cut more than was necessary to clear the obstruction. Id., 441. Our Supreme Court concluded that the defendant was liable to the landowner for the destruction of the trees that were unnecessarily cut, but also noted that "[t]he duty of town and municipality is to keep the streets reasonably safe and reasonably free of obstructions" and that "[t]he town or its agents have the undoubted right to cut down trees in the highway which interfere with public travel." Id., 439. The *Wadsworth* court held that "since [agents of the municipality] are engaged upon a governmental duty in the care and maintenance of the highways, so long as they act in good faith, in the exercise of an honest judgment, and not in abuse of their discretion, or maliciously or wantonly, they cannot be held liable." Id.

By implication, *Wadsworth* strongly suggests that an agent of a municipality may encroach on private property to clear highway obstructions without sacrificing his qualified immunity from liability. We therefore conclude, on the bases of *Wadsworth*, § 13a-99 of the General Statutes and § 158 (a) of the Greenwich charter, that the defendant in the present case enjoyed qualified immunity provided the planter constituted a highway obstruction, and there was no reasonable factual basis to support the plaintiff's claim that, in going on private property, the defendant acted beyond his authority. Therefore, the plaintiff was not entitled to such an instruction.

The record discloses the following additional facts, which were undisputed at the trial. In its request to remove the planter, Glenville News claimed that the planter was a danger to traffic flow on Glenville Road, that at least one car had crashed into the planter and

that delivery trucks often double-parked beside it. The planter was located partly on a right-of-way owned by the town, and two parking spaces had been eliminated to accommodate it.

The foregoing facts provide a sufficient basis for a reasonable jury to conclude that the planter was a highway obstruction. Because the evidence supporting those facts was overwhelming and uncontroverted, we conclude that a reasonable jury could not have found otherwise. Accordingly, a reasonable jury also could not have found that the defendant had acted outside the scope of his authority when he removed the planter. Therefore, we conclude that the court properly refused to instruct the jury on ultra vires acts. See *Batick* v. *Seymour*, supra, 186 Conn. 641.

The judgment is affirmed.

In this opinion the other judges concurred.